## HENDERSON *v.* HENDERSON.

No. 16844.   October 10, 1949.

*Herbert W. Wilson* and *Leon A. Wilson II.*, for plaintiff in error.

*Harry D. Reed* and *Harry M. Wilson*, contra.

Almand, Justice.   Mrs. Gladys Henderson filed a bill in equity against Robert L. Henderson and others in Ware Superior Court on May 25, 1949.   Service was perfected on the defendants on May 26, and on June 25 the defendant filed his general demurrer, plea and answer.   The July term of said court convened on July 25.   On August 1, during said July term, said case was called for trial, at which time counsel for Robert L. Henderson appeared specially and objected to the trial of the case at the July term, on the ground that the same could not legally be tried at that term but should be continued to the next regular term because thirty days between the appearance day, June 25, and the first day of the July term, July 25, had not intervened as required by law.   This objection or motion to continue was overruled.   The case proceeded to trial without the defendant participating therein, resulting in a verdict and judgment for the plaintiff.   The defendant thereupon filed a bill of exceptions, complaining that the court erred in overruling his objection to the case being tried at the July term, and assigning error also on the final judgment.

The defendant in error has filed a motion to dismiss the writ of error, on the ground that it appears from the bill of exceptions that the ruling complained of was not a final disposition of the case in the lower court.

■   The bill of exceptions assigns error on the court's overruling of the plaintiff in error's objection to the case being tried at the July term, on the ground that this ruling was contrary to law.   It is further asserted in the bill of exceptions that, said ruling "being controlling, as plaintiff in error contends, which

entered into and affected the further proceedings and final result of the case, the court erred in permitting said verdict to be rendered and said judgment to be entered.

"To the action of the court in permitting said verdict to be rendered and said judgment to be entered, the plaintiff in error then and there excepted, now excepts, and assigns the same as error upon the ground that same was contrary to law, and that the court, having overruled the objection of the plaintiff in error that the case was not ripe for trial at the July term, 1949, of said court, and such ruling, as plaintiff in error contends, being controlling in .effect, the said verdict and judgment illegally terminated the case."

Under former rulings by this court (*Lyndon* v. *Ga. Ry. & El. Co.*, 129 *Ga.* 353 (3), 58 S. E. 1047; *Newton* v. *Newton*, 196 *Ga.* 522 (2c), 27 S. E. 2d, 31), these assignments of error are sufficient to give this court jurisdiction to review the bill of exceptions. See also *McDougald* v. *Central Bank of Ga.*, 3 *Ga.* 185 (1). The motion to dismiss is denied.

■ Code § 81-111, as amended by the act of 1946 (Ga. L. 1946, p. 761, Rule 3), provides: "The day on which an original petition is deposited in the clerk's office shall be known as the return day of that petition. The day on which defensive pleadings shall be filed with respect to a petition shall be known as the appearance day of that case." Code (Ann.), § 81-111. Section 81-201, as amended by Rule 5 of said act of 1946, reads as follows: "The clerk shall annex to every. petition a process (unless the same shall be waived), signed by the clerk or his deputy, and bearing teste in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the defendant or defendants to answer the petition within thirty days after the service of the petition and process. If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to· begin is 30 days or more, the same shall be deemed to be returnable to that term. If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is less than 30 days, the case shall be deemed to be returnable to the next regular term of court thereafter. No petition shall abate for lack of service· until so ordered by the court in which it was filed." Code (Ann. Supp.) § 81-201.

The sole question for decision is whether the court had jurisdiction to try before a jury at the July term, the issues in this case as made by the pleadings. The plaintiff in error contends that only 29 days had intervened between the appearance day of the case and the day on which the next regular term of Ware Superior Court was scheduled by law to begin. The defendant in error contends that Code § 81-201 as amended was properly construed in the light of Code § 102-102 (8), in that, in the computation of the 30-day period, either the day of appearance or the first day of the July term could be counted.

The answer to these contentions must be determined from the provisions of Code § 81-201 as amended. The pertinent part of this section reads as follows: "If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is 30 days or more, the same shall be deemed to be returnable to that term."

We are therefore called upon to ascertain the meaning of the word "between" as used in this statute. "If the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs, and can receive none." *Neal* v. *Moultrie,* 12 *Ga.* 104, 110. It seems clear from reading this section that the legislature; by placing the period of time to elapse in order that the case be triable at the next regular term at 30 days or more, intended by the use of .the word "between" that a full count of 30 clear days must intervene between the appearance day of the case and the day on which the next regular term of court was scheduled by law to begin. This view is strengthened by the next sentence of this section, which reads as follows: "If the period of time beween· the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is less than 30 days, the case shall be deemed to be returnable to the next regular term of court thereafter."

We are therefore of the opinion that the word "between". is not subject to interpretation and does not require a construction of the statute, and therefore Code § 102-102 (8) has no application.

The meaning which we have given to the word "between," as used in this statute, is supported by lexicographers and the au-

thorities. Bouvier defines "between" as "In the intermediate space of, without regard to distance; from one to another; belonging to two as a mutual relation." 1 Bouvier's Law Dic. (8th ed.) 340. Stroud defines the word, "Where a time has to elapse, or a thing is to be done, 'between' two dates, both days are excluded." 1 Stroud's Judicial Dic. (2nd ed.) 188. He further defines the word "between" as synonymous with "interval," as "where an 'interval' of so many days has to elapse between two events, e. g. two meetings, the days are *clear* days, and have to be reckoned exclusive of both the days between which the interval is to elapse." 2 Id., 1003.

In the case of Hodges *v.* Filstrup, 94 Fla. 943 (114 So. 521), it is stated: "When the word 'between' is used with reference to a period of time, bounded by two other specified periods of time, such as between two days named, the days or other periods of time named as boundaries are excluded"; citing Winans *v.* Thorp, 87 Ill. App. 297, 298; Fowler *v.* Rigney, 5 Abb. Prac. (N. S.) (N. Y.) 182, 184; Cook *v.* Gray, 6 Ind. 335, 337; Bunce *v.* Reed, 16 Barb. (N. Y.) 347, 352; Robinson *v.* Foster, 12 Iowa 186, 188. See also Arcadia Citrus Growers Assn. *v.* Hollingsworth, 135 Fla. 322 (185 So. 431).

It affirmatively appearing from the record in this case that the plaintiff in error filed defensive pleadings on June 25, 1949, which was the appearance day of the case, and only 29 days having elapsed between June 25 and July 25, which was the first day of the next regular term of court, the court was without jurisdiction to try the case at that term. The court having erroneously overruled the objection of the defendant in the trial court to the trial of the case at that term, the subsequent verdict and judgment therein for the plaintiff were contrary to law. *Judgment reversed. All the Justices concur.*