## 35391. WIGHT HARDWARE COMPANY v. AMERICAN LUBRICANTS COMPANY.

DECIDED NOVEMBER 18, 1954—ADHERED TO ON REHEARING DECEMBER 17, 1954.

*Edwin A. Carlisle,* for plaintiff in error.

*Willard H. Chason,* contra.

FELTON, C. J. 1. The only assignment of error on the direction of a verdict for the plaintiff in the trial court is that it "was contrary to law and the evidence in the case," which raises only the question whether the court erred in the interlocutory rulings excepted to. *Chandler* v. *Pennington,* 89 *Ga. App.* 676 (80 S. E. 2d 843) ; *Henderson* v. *Henderson,* 206 *Ga.* 23 (55 S. E. 2d 578).

2. The plaintiff in error contends that the court erred in admitting in evidence the order allegedly signed by the defendant. The court did not err in admitting this order. While it is true that Mr. Wight testified that he did not sign the order as it appeared when exhibited to him on the witness stand, he did testify that the signature on the original order was his, but that when he signed it there was a pencil mark through the words, "No representations or agreements shall be binding on either customer or seller unless they are written or printed in this order." The court has before it the original order which Mr. Wight testified he signed. From a close scrutiny of this original order this court cannot say as a matter of law that a pencil mark had been run through the words above quoted and had been erased. Such being the case, the order was admissible in evidence and it would have been at the least a question for the jury whether the pencil mark had been run through the words and later erased. *Craig*

v. *National City Bank of Memphis*, 26 *Ga. App.* 128 (105 S. E. 632).

. 3. The plaintiff in error contends that the court erred in not permitting its attorney to cross-examine Mr. Wight, president of the defendant corporation, after the plaintiff in the court below had put Mr. Wight on the stand for examination without stating that he was put up as agent of the defendant for the purpose of cross-examination under Code § 38-1801. There is no presumption that we know of to the effect that, when one party puts an opposing party on the stand, or puts an agent or officer of the opposing party on the stand, the witness is put on the stand for the purpose of cross-examination and not as a witness for the party putting such a witness on the stand. Therefore, it would seem that, in the absence of an announcement in open court to the effect that such a witness is put up for the purpose of cross-examination, the witness must be treated as the witness of the party calling him to the stand, with the attendant consequences. In such a situation, unless some special reason exists therefor, the court abuses its discretion in not allowing the other party to cross-examine the witness. This court cannot say as a matter of law that an attorney can get from a witness subpoenaed or produced in court by his client whatever he needs in the way of testimony just as well by a direct examination as by cross-examination. We think the rule here laid down is the wisest. It can be easily followed and will eliminate considerable confusion and uncertainty, which could surely arise from a ruling to the contrary.

4. For the reasons stated in division two, the court did not err in denying the defendant's motion for a judgment notwithstanding the verdict.

The court erred in directing a verdict for the plaintiff for the reason stated in division three.

The original opinion is withdrawn and the foregoing substituted therefor.

*Judgment reversed. Quillian and Nichols, JJ., concur.*