### 35564. JOHNSON et al. v. RHENEY et al.

JORDAN, Justice.

On December 9, 1978, an election was held in the City of Wadley to fill two vacancies on the city council. The votes were recorded as follows: Jack D. Gladen, 527; Jerry D. Cowell, 505; B. A. Johnson, 501; Joseph E. Gibbons, 406; Herman Baker, 166. Gladen and Cowell, both of whom were white candidates, were declared the winners. Johnson and Gibbons, both of whom were black candidates, filed an election contest pursuant to Code § 34A-1501 (a) with the Wadley City Council. Their challenge was denied, and they appealed to the Superior Court of Jefferson County pursuant to Code § 34A-1501 (b). Following a two-day bench trial, Judge James B. O'Connor issued his detailed and well-reasoned judgment holding, among other things, that none of the cited irregularities placed the result of the election in doubt. Appellants then brought their appeal to this court enumerating seven errors allegedly committed by the trial judge. *Held:*

1. The applicable Code section enumerating the grounds for an election contest of a municipal election is Code § 34-1703. See *Davidson v. Bryan,* 242 Ga. 282, 284 (248 SE2d 657) (1978). That section provides that the "result of a primary or election may be contested on one or more of the following grounds: (a) Malconduct, fraud or irregularity by any primary or election official or officials *sufficient to change or place in doubt the result . . . ."* (Emphasis supplied.) Election returns carry a presumption of validity. *Cowart v. City of Waycross,* 159 Ga. 589, 594 (126 SE 476) (1924). Therefore, the burden is on the appellants in this case to affirmatively show that the facially valid results were invalid due to an irregularity sufficient to place the entire election result in doubt.

Appellants first presented evidence that the number of votes tallied by the voting machines was 1,066, while only 1,064 people actually voted using the machines. Appellants contend that this is proof of an irregularity which shifted the burden of going forward with rebuttal evidence to appellees. Appellees offered testimony that

the election officials investigated the discrepancy, could not explain the difference in the tally, and that following this investigation the superintendent of elections certified the results. The trial court held that appellants failed to show that amount of fraud, irregularity or improper voting that would set the results of the election aside.

We agree. Appellants maintain that it will hereafter be impossible for a contestant to withstand the burden of proof when election officials may simply respond that they cannot tell what happened. However, here appellees did explain to the best of their knowledge that their vote count was accurate, after extensive effort to account for the discrepancy, and that their certification that 1,064 voters voted was correct. Though election results might not always be upheld simply due to a good faith investigation into an irregularity and a resulting certification, in this case we are satisfied that there was ample evidence for the trial court to find that this alleged irregularity did not place the election results in doubt.

2. Minnie Durden, a black resident of Wadley, attempted to vote by absentee ballot. Her ballot was ultimately rejected by election officials because it did not provide certain information requested on the ballot, such as address, date of birth, place of birth and mother's maiden name. Appellants contend that Mrs. Durden's ballot was rejected in a racially discriminatory manner since other white absentee voters were notified that their ballots were incomplete and allowed to cancel their ballots and vote in person, and, in one case, an absentee ballot of a white voter was accepted with incomplete information. The trial judge found that no racial discrimination had been demonstrated.

Code § 34A-1308 (a) provides that if an absentee ballot is received and rejected, the clerk shall promptly notify the elector of such rejection. The evidence indicated that Mrs. Durden had had difficulty in filling out her ballot and was trying to retrieve it from the post office. In so doing, she talked with election officials prior to their receipt of the ballot who suggested that she cancel her ballot and vote in person. Instead, she did retrieve her ballot and signed it, but failed to fill it out completely the

second time as well. Based on this evidence, the trial court held that there was no way that the officials could have known that Mrs. Durden needed to be notified a second time. Despite the fact that other absentee voters were notified and did come and cancel their ballots and vote in person, we hold that the trial court was correct in holding that the evidence presented on the treatment of Mrs. Durden's ballot was insufficient to demonstrate racial discrimination on the part of election officials.

As to the one incomplete absentee ballot accepted from a white voter, David C. Perez, the evidence showed that an official assisted him in filling out his ballot. Only his address was missing, because he had recently moved and could not remember his street address, but he was known by the official to be a resident of Wadley. On this basis, this ballot was accepted, and the trial court correctly ruled that no racial discrimination resulted through the different treatment of the absentee ballots of Mrs. Durden and Mr. Perez.

3. Appellants contend that four persons were allowed to vote in the disputed election who were not, in fact, residents of Wadley. The trial court held that since different fact-finding agencies could reasonably differ as to whether these four voters were residents or not, then it would not disturb the finding by the Board of Registrars that these people were residents.

Appellants argue that the superior court did not apply the correct de novo review standard in an election contest by deferring to the board's finding. We disagree. The trial court in its written order discussed the circumstances of each of the four voters' residences. It concluded in reviewing the action of the Wadley City Council in denying appellants a new election that the Board of Registrars was not wrong in listing these four as registered voters, since there was a reasonable conflict in the evidence as presented to the trial court. This holding was not an abdication of the trial court's mandate to review, de novo, the findings of the lower tribunal. Therefore, there is no merit in this enumeration of error.

4. Appellants complain that they were not allowed to cross examine the superintendent of elections, one of the appellees, at trial. Appellants had called the

superintendent as their own witness and limited direct examination to one point, the discrepancy between the number of actual votes counted and the number registered on the voting machines. See Division 1, supra. Appellees brought up other issues on cross examination, and appellants sought the permission of the court to thereafter cross examine the witness.

Nowhere in the transcript is it shown that appellants called this witness for purposes of cross examination pursuant to Code § 38-1801. Proceeding under this Code section would not make the witness the appellants' own witness. However, there is authority in Georgia that failing to specify when calling an opposing party to the stand that he or she is being called for purposes of cross examination only makes the witness that of the party calling him or her to the stand. *Wight Hardware Co. v. American Lubricants Co.*, 91 Ga. App. 339, 346 (85 SE2d 507) (1954). Following the logic of Code § 38-1801, appellants could not put the superintendent of election on the stand as their own witness and then seek to impeach him after cross examination from the other side absent a showing of entrapment. Since entrapment was not shown, the trial judge did not err in not allowing appellants the right to cross examine the witness.

5. The trial court dismissed prior to trial appellants' federal statutory claims under 42 USC §§ 1983 and 1988. The trial court did so without prejudice to appellants who may bring these actions in a separate lawsuit. There was no error in the dismissal.

6. In the process of this disputed election, several alleged violations of the procedure for issuing absentee ballots occurred. It is conceded that at least twelve absentee ballots eventually counted were issued to electors within the state who did not personally, or by mail, apply for the ballots as required by statute. The trial court found that these violations were participated in by both appellants and appellees, that this practice was routine for Wadley, and the violations amounted to a "mere irregularity" which did not place the election result in doubt.

Appellants cite this court's decision in *Lester v. Boone,* 242 Ga. 445 (249 SE2d 617) (1978), wherein the

judgment of the trial court was upheld in a short, per curiam opinion. Appellants have attached a copy of the order of the trial court to their brief, and that order indicates that improperly obtained absentee ballots so long as they are sufficient in number to place the result of the election in doubt constitute such an irregularity which would invalidate an election. In this case it was certainly permissible for the appellees to put on evidence of the circumstances surrounding the issuance of the absentee ballots, and it was proper for the trial judge to take those circumstances into account when weighing the legal effect of improperly issued ballots. Furthermore, *illegally issued* absentee ballots need not be considered illegal votes as such, because the ballot itself is still the expressed will of the elector, and there is no dispute that the twelve ballots in question were all properly executed and returned, unlike the ballot of Mrs. Durden, for example, discussed above.[1]

Again, the standard set by Code § 34-1703 for a successful election contest is one which places the result of the election in doubt. There can be no doubt that this was a closely contested election between candidates who were not widely apart in the vote spread. However, we agree with the trial court that no irregularity was of a sufficient degree to call for a new election.

7. Appellants' remaining enumerations of error are without merit, and the ruling of the trial court is affirmed.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Hill, J., dissents. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 26, 1980.

---

[1]There are also significant factual distinctions between *Lester v. Boone,* supra, and this case, principal among them being that that case was replete with instances of fraud, whereas here no fraud has been alleged or proved.

*Christopher Coates, Laughlin McDonald, Neil Bradley,* for appellants.
*Fred Raskin, Roy V. Harris,* for appellees.