## 64657. NIXON v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

McMURRAY, Presiding Judge.

This is another automobile insurance coverage case reaching us following our decision in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230, 232-233 (274 SE2d 623), and before our whole court decision in the cases of *Atlanta Cas. Co. v. Flewellen* and *Van Dyke v. Allstate Ins. Co.,* 164 Ga. App. 885 (300 SE2d 166) reversing the trial court in *Flewellen* and affirming the trial court in *Van Dyke.* This whole court decision in *Flewellen* and *Van Dyke* also overruled *Jones v. State Farm Mut. Auto. Ins. Co.,* supra. We note here that members of the insurance industry have developed their own particular application forms and none of them are exactly the same.

In the case sub judice, St. Paul Fire & Marine Insurance Company brought an action for declaratory judgment against Randy Clark Nixon contending that the defendant in making application for no-fault benefits on his automobile policy specifically rejected the optional coverage by checking the appropriate box for such rejection, the petition containing an exhibit showing a copy of the application. We note that the application attached showed *only one signature* of the applicant at the bottom of the page with reference to the purchase of additional coverage. This *one signature* applied to all offers to

purchase additional coverage including personal injury protection *and* vehicle property damage coverage.

The defendant filed his answer and counterclaim. In his counterclaim defendant contended that plaintiff "violated the law by failing to make available optional coverage in the manner required by Georgia Code Annotated § 56-3403b [sic] [Code Ann. § 56-3404b (b) (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206)]." Defendant contended that on June 17, 1980, he was seriously injured in an automobile accident and on October 15, 1981, he "elected to accept the maximum optional personal injury protection coverage and tendered to Plaintiff the premiums due for such additional coverage." In paragraph 5 of his counterclaim defendant contended that plaintiff "has failed and refused to pay these optional benefits lawfully due Defendant" and sought to recover "those benefits and also . . . the statutory penalty for . . . non-payment . . . plus punitive damages, plus attorney fees." Defendant subsequently moved the court for partial summary judgment as to paragraph 5 of his counterclaim.

The trial court in consideration of defendant's motion for partial summary judgment denied same and held that the plaintiff's " 'Offer to Purchase Additional Coverage Application,' as signed by the Defendant meets the requirement of Georgia Code Annotated § 56-3404 [b] (b) [supra] and that by Defendant's execution of the same he specifically rejected optional no-fault benefits." The trial court then held plaintiff insurer was entitled to judgment as a matter of law.

The defendant appeals contending the judgment of the trial court is contrary to *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230, 232-234, supra. *Held:*

While the application for insurance in the case sub judice and that of *Flewellen,* supra, and *Van Dyke,* supra, differ somewhat from that in *Jones,* supra, nevertheless it is clear that in the case sub judice there is *only one signature* on the application attached with reference to the purchase of additional coverage including personal injury protection and vehicle property damage coverage. The case sub judice is controlled by the Supreme Court's decision in the cases of *Flewellen v. Atlanta Cas. Co.* and *Van Dyke v. Allstate Ins. Co.,* 250 Ga. 709 (300 SE2d 673) reversing our judgment in *Flewellen,* supra, and affirming our judgment in *Van Dyke,* supra. In that decision the Supreme Court held "that the requirements of subsection (b) [OCGA § 33-34-5 (b) prior to being amended by Ga. L. 1982, p. 1234 (formerly Code Ann. § 56-3404b (b), supra)] are satisfied by *two signatures,* one for acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage." Supra, at 711.

(Emphasis supplied.) Accordingly, the judgment in the case sub judice must be reversed.

We note that OCGA § 33-34-5 (Code Ann. § 56-3404b), as amended by Ga. L. 1982, p. 1234, now provides: "(b) Each initial application for a new policy of motor vehicle liability insurance sold in this state after November 1, 1982, shall contain a statement in bold-faced type signed by the applicant indicating that the optional coverages listed in subsection (a) of this Code section have been explained to the applicant.

"(c) All named insureds in motor vehicle liability policies in effect on November 1, 1982, shall be deemed to have signed the statement required by subsection (b) of this Code section.

"(d) The provisions of subsection (b) of this Code section requiring explanation of the optional coverages shall not apply upon the renewal, replacement, reinstatement, transfer, or substitute of any policy or the addition or substitution of a motor vehicle covered by such policy."

The trial court erred in holding that the plaintiff insurer was entitled to judgment as a matter of law based on the application form in the case sub judice.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

Decided March 11, 1983 —<br>Rehearing denied March 29, 1983 —

*Charles A. Mullinax,* for appellant.
*H. Andrew Owen, Jr., Perry A. Phillips,* for appellee.
*John R. Rogers, James E. Butler, Jr., Alfred L. Allgood, Andrew W. Estes, Don C. Keenan, Lamar W. Sizemore, Jr., William S. Stone, Charles A. Wiley, Jr., Donald M. Fain,* amici curiae.