66173. TOLISON v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

MCMURRAY, Presiding Judge.

This case is another one of a series of cases reaching this court on appeal involving automobile insurance on a policy issued with reference to the question of whether the insurer has provided its no-fault insureds with "an opportunity to accept or reject, in writing, the optional coverages required to be offered" (OCGA § 33-34-5 (Code Ann. § 56-3404b), prior to its amendment by Ga. L. 1982, p. 1234, which amendment is not applicable here) and whether the optional coverages were therein accepted or rejected by the insured.

The main issue is the same as that found in such cases as *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623); *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166), reversed in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673); *Nixon v. St. Paul Fire &c. Ins. Co.,* 166 Ga. App. 38 (303 SE2d 158); and *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760 (300 SE2d 799).

Helen (Mrs. Harold E.) Tolison, on behalf of her husband, made application for vehicle insurance with Georgia Farm Bureau Mutual Insurance Company on or about May 31, 1979, using the insurer's application form which was very abbreviated, having only initials and numbers for the types of coverage requested in which she signed for same only once, acknowledging that she accepted (apparently for her husband) "the coverages and/or limits that have a check . . . placed in

front of above items and the absence of a check . . . indicates my rejection of that coverage and/or limit." Apparently, a policy was issued and thereafter Harold E. Tolison was injured in a vehicular incident. Based on *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230, supra, Tolison expressed that he wished to accept the statutory continuing offer of optional personal injury protection of the maximum ($50,000), and the insurer and insured having failed to reach agreement with reference to his demands for payment under the policy, Tolison brought suit against the insurer contending the insurer had violated the law by failing to make available to him the optional coverages as required by (OCGA § 33-34-5 (Code Ann. § 56-3404b) prior to its recent amendment as shown above) and he had elected to accept the maximum personal injury coverage and had tendered to the defendant the premiums due for such coverage. The defendant having failed and refused to pay these optional benefits lawfully due the plaintiff, the plaintiff brought this action to recover those benefits and also to recover the statutory penalty for defendant's non-payment, that is, 25% of the claimed amount, plus punitive damages and attorney fees.

The defendant answered in substance denying the claim. Thereafter considerable discovery has occurred and both parties have moved for summary judgment. By affidavit, Mrs. Tolison contends (in support of the plaintiff's motion for partial summary judgment) that she alone had signed and executed the application for the insurance, her husband being out of town and that the "Defendant, by and through its authorized agent, did not explain . . . the optional personal injury protection coverage available. The separate spaces as provided on said application to indicate by a checkmark the acceptance or rejection of each of the proffered optional coverages were not checked by [her]." In opposition and in support of the defendant's motion for summary judgment an insurance agent with the defendant, by affidavit, contends he took the application from Mr. and Mrs. Harold E. Tolison and his affidavit seemingly reflects that more than one meeting was had with the Tolisons, although it is uncertain when and where he explained in detail (as he so contends) "each of the optional coverages available to the Plaintiff under the No-fault Law . . . [and] that the optional benefits would require an additional premium [and] they [the Tolisons] were only interested in the most basic, inexpensive coverage possible as far as no-fault coverage was concerned." In consideration of both motions, the court held "the policy application is in substantial compliance with the statute and is not subject to the criticism voiced in [*Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230, supra]" finding against the plaintiff's efforts to seek

retroactive increases in his insurance to cover the automobile incident in question, ordering a final judgment granting defendant's motion for summary judgment and denying the plaintiff's motion for partial summary judgment. The plaintiff appeals. *Held:*

The substance of the defendant's argument is that this court in *Nixon v. St. Paul Fire &c. Ins. Co.,* 166 Ga. App. 38, supra, did not have for consideration the Supreme Court's decision in *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760, supra, in that the *Nixon* case was erroneous in holding that one signature of the application at the bottom of the page with reference to the purchase of all coverages of insurance violated the law by failing to make available optional coverages in the manner required by (OCGA § 33-34-5 (Code Ann. § 56-3404b)) prior to its most recent amendment. A reading of *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760, supra, shows that that case is very similar to the case sub judice in that Mooney had tendered his premium and made demand for additional insurance, as was the case here, and had signed an application for all of his insurance in only one place but an additional form referred to as the Georgia Information and Option Form with reference to personal injury protection options had not been checked off at all and Mooney had signed this form which referred to all types of options in only one place which also was the situation in *Nixon v. St. Paul Fire &c. Ins. Co.,* 166 Ga. App. 38, supra. We, therefore, do not agree with defendant's argument that the *Mooney* case in some way changes the application of the law in the above cases with reference to the defendant's failure to comply with this law with reference to the optional coverages (see OCGA § 33-34-5 (Code Ann. § 56-3404b), supra). Under the application here in the case sub judice it is clear that the insurer defendant is in violation of the statute with reference to its form of application. See *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, supra; *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760, supra. Therefore, the trial court was in error in holding that the defendant was in substantial compliance with the statute; in holding that the plaintiff could not make retroactive application for increased coverage; and, in holding that there was no fraud involved and the plaintiff was estopped from asserting the continuing offer for the increased amount of insurance. All enumerations of error with reference to these rulings are meritorious. However, the parties here have offered conflicting testimony with reference to the taking of the application, and the affidavits in support of and in opposition to the motions for summary judgment are in sharp conflict. Accordingly, the trial court did not err in denying the plaintiff's motion for partial summary judgment in refusing to hold as a matter of law the plaintiff was entitled to receive personal injury protection benefits on a

retroactive basis. Issues for jury determination remain as to whether or not the plaintiff was aware of his application for the minimum coverage under the no-fault law.

*Judgment affirmed in part and reversed in part. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARINGS DENIED SEPTEMBER 28, 1983 —

*C. Alan Mullinax, Judy C. King,* for appellant.
*Denmark Groover, Jr., Charles A. Wiley, Jr., Donald M. Fain,* for appellee.