39873, 39879. COLWELL v. VOYAGER CASUALTY INSURANCE COMPANY; and vice versa.

HILL, Chief Justice.

We granted these parties' cross applications for certiorari on the following questions: "Whether the holdings in *Johnson v. Rheney,* 245 Ga. 316 (4) (1980), and *Wight Hardware Co. v. American Lubricants Co.,* 91 Ga. App. 339 (1954), were properly applied to the facts of this case" (Case No. 39873), and "In light of this court's opinion in *GEICO v. Mooney,* 250 Ga. 760 (300 SE2d 799) (1983), was the jury improperly allowed to consider the refusal to pay optional

---

PIP benefits in assessing the penalty, punitive damages, and attorney fees." (Case No. 39879). *Voyager Cas. Ins. Co. v. Colwell,* 166 Ga. App. 17 (303 SE2d 152) (1983).

Alphonzo Colwell was killed in an accident while a passenger in an automobile driven by the son of the owner/insured of the car, on January 24, 1981. In February, Voyager Casualty Insurance Co., which carried minimum no-fault coverage on the car, was notified of the claim, and in April a letter was sent by the attorney for Colwell's widow, Shirley Colwell, the plaintiff in this case, with information to establish the loss. The insurance company's claim form was returned to the company on June 1, 1981.

In September, suit was filed seeking *minimum* no-fault benefits and the 25% statutory penalty and attorney fees for failing to pay the benefits due within 30 days of filing proof of loss under OCGA § 33-34-6(b) (Code Ann. § 56-3406b),[1] and punitive damages for failing to pay the benefits within 60 days of the filing under OCGA § 33-34-6 (c) (Code Ann. § 56-3406b).[2]

In December 1981, additional premiums were tendered to Voyager under *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980) (cert. dismissed, July 7, 1981), which held that where the application for insurance coverage had not been properly signed to indicate rejection of each optional coverage available, demand for such optional coverage could be made upon tender of the premiums due. See also *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, 712 (300 SE2d 673) (1983). In January 1982, Colwell's suit was amended to seek these *optional* benefits along with the 25% penalty, attorney fees and punitive damages for refusing to pay them.

At trial in February 1982, the agent who had processed the claim for Voyager was called as a witness for the plaintiff. No announcement was made that the defendant's agent was being called for the purpose of cross-examination, but shortly after the

---

[1] OCGA § 33-34-6 (b) (Code Ann. § 56-3406b) provides: "In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees."

[2] OCGA § 33-34-6 (c) (Code Ann. § 56-3406b) provides that "in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages."

questioning began defense counsel objected to leading questions, and plaintiff's counsel stated that the agent had been called for cross-examination as an adverse witness. Over further objections by Voyager, the trial court permitted the continued cross-examination of this witness, and later refused to allow Voyager to cross-examine its agent.[3]

The trial court directed a verdict for Colwell's PIP claims and the jury awarded Colwell an additional $4,570 in statutory penalties, $6,000 attorney fees, and $30,000 in punitive damages. Voyager appealed to the Court of Appeals.

1. The Court of Appeals held that the trial court committed harmful error in refusing to allow Voyager's attorney to cross-examine its agent after the agent had been called as a witness for the plaintiff without a timely announcement that he was being called as an agent of the adverse party.

OCGA § 24-9-81 (Code Ann. § 38-1801) allows a party in a civil case to call the adverse party or an agent of an adverse party for cross-examination. It provides in material part that "in the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party . . . or officer or agent of a corporation when a corporation is such party . . . a witness, with the privilege of subjecting such witness to a thorough and sifting examination and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross-examined."

In its ruling, the Court of Appeals relied on *Wight Hardware Co. v. American Lubricants Co.,* 91 Ga. App. 339, 346 (85 SE2d 507) (1954). In *Wight,* the Court of Appeals reversed a judgment for the plaintiff because the defendant was not allowed to cross-examine the president of the defendant corporation after the plaintiff had called the president without an announcement that he had been called pursuant to OCGA § 24-9-81 (Code Ann. § 38-1801), supra.[4]

---

[3] The agent never did testify for Voyager. He was later called by Voyager to make an offer of proof of good faith by showing the insured later refused Voyager's offer of compromise. *Voyager Cas. Ins. Co. v. Colwell,* supra, 166 Ga. App. at (4).

[4] In *Johnson v. Rheney,* 245 Ga. 316, 319 (264 SE2d 872) (1980), cited in the question on which certiorari was granted, the plaintiff, without any announcement, called one of the defendants and directly examined him on one point. The defendants then cross-examined him on that point as well as on others. Thereafter, the plaintiff was not allowed to cross-examine the witness on the other points raised and this court affirmed on appeal. We now find the *Johnson* case distinguishable and inapplicable to the certiorari question because the defense was allowed to cross-examine the witness.

In the case before us, the announcement was made, but was not timely made, and the defendant was not allowed to cross-examine its agent. The Court of Appeals, citing *Wight,* reversed.

The existing rules respecting OCGA § 24-9-81 (Code Ann. § 38-1801), supra, are as follows: (1) If the adverse party or agent as specified in OCGA § 24-9-81 (Code Ann. § 38-1801) is called, and a timely announcement is made by the calling party that the witness is being called for cross-examination, the calling party may cross-examine the witness and the adverse party may question him only by direct examination. (2) If the adverse party or agent as specified in OCGA § 24-9-81 (Code Ann. § 38-1801) is called, and no announcement is made during the calling party's direct examination, the calling party may question the witness only by direct examination and the other party may cross-examine the witness unless some special reason exists for the trial court, in the exercise of its discretion, to not allow the adverse party to cross-examine the witness. *Wight Hardware Co.,* supra, 91 Ga. App. at 346.

In order to further the purpose of OCGA § 24-9-81 (Code Ann. § 38-1801), supra, to make provision for situations not covered by the existing rules (above), and to avoid the harshness of an inflexible rule, we hold: (3) If the adverse party or agent as specified in OCGA § 24-9-81 (Code Ann. § 38-1801) is called, and an announcement is made by the calling party that the witness is being called for cross-examination, but that announcement is not timely made, the calling party may cross-examine the adverse witness and the other party may or may not be allowed to cross-examine the witness, in the discretion of the trial court, depending upon when in the course of the witness' testimony the announcement was made, the relationship and attitude of the witness to the parties and the nature of the testimony given or sought to be elicited. One reason for adopting this rule allowing a belated announcement by the calling party is that it would appear that a party who failed to make the announcement at the outset could excuse and then recall the witness for cross-examination. The reason for placing discretion in the trial court to require direct or allow cross-examination of the witness is to allow the trial court to treat all parties fairly depending upon the circumstances of each case.[5]

---

[5] Nothing in this opinion is intended to change the rule that the trial court has discretion to allow the noncalling party to question the witness at the conclusion of the cross-examination, or to require the noncalling party to recall the witness during the noncalling party's portion of the case. See *Jones v. Chambers,* 94 Ga. App. 433 (3) (95 SE2d 335) (1956).

The case before us falls under the third rule, and the defendant was not allowed to cross-examine its agent. Because we have determined that a new trial must be granted (see below), we need not determine whether the trial judge exercised its discretion, or ruled as a matter of law, and if so whether its ruling was harmless (see fn. 3).

2. The Court of Appeals also held that the trial court correctly refused to admit evidence offered by Voyager to show that the insured had in fact orally rejected optional PIP coverage in discussions with the agent who sold the insurance, even though Voyager's form did not comply with the no-fault law as pointed out in *Flewellen,* supra.

In *Flewellen,* supra, 250 Ga. at 714, we agreed with the Court of Appeals decision in *Jones v. State Farm,* supra, that the intent of OCGA § 33-34-5 (Code Ann. § 56-3404b) is to ensure "that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing." Jones,* at p. 232. The purpose of the statute is to resolve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits. When the claim is made, the resolution of the issue will be to look to the policy to determine if there was reduction or rejection of those benefits in conformance with the statutory scheme.

We therefore hold that the trial court and the Court of Appeals were correct in refusing to allow admission of any evidence, on the question of the insurer's good faith, as to what the agent orally advised the insured or what the insured orally advised the agent as to optional no-fault coverage.

However, we have since decided in *Cotton States Mut. Ins. Co. v. McFather,* 251 Ga. 739 (309 SE2d 799)(1983), reaffirming *GEICO v. Mooney,* 250 Ga. 760 (300 SE2d 799) (1983), that the insurer's failure to pay optional benefits, upon a demand and an offer to pay the premiums due under *Jones/Flewellen,* until the *Flewellen* case was final, will not in itself support bad faith penalties under the 30/60 day penalty provisions.[6]

The plaintiff in this case sought the 30/60 day statutory penalties for non-payment of minimum as well as optional PIP benefits, and received at least a portion of the 25% statutory penalty

---

[6] In *Cotton States Mut. Ins. Co. v. McFather,* supra, we held that *Flewellen* was "final" when the motion for rehearing was denied by this court on March 23, 1983, and that a tender of the *optional* benefits owed within 30/60 days of this date constituted timely payment under the 30/60 day penalty provisions.

for nonpayment, prior to *Flewellen,* of optional PIP benefits. This case must therefore be retried as to the issue of Voyager's good faith or lack of it in failing to pay the *minimum* benefits due within 30/60 days after the proof of loss was filed.[7]

*Judgment affirmed in part; reversed in part. All the Justices concur, except Marshall, P. J., who concurs in the judgment only.*

DECIDED DECEMBER 5, 1983.

*Henson, Henson & Henson, Kenneth M. Henson, Jr., Kenneth M. Henson, Fuller & McFarland, Millard D. Fuller,* for appellant.

*Hodges, Erwin & Smith, Kenneth B. Hodges, William A. Erwin,* for appellee.

*John E. James, Alfred L. Allgood, Andrew W. Estes, Lamar Sizemore, Gene Mac Winburn, James E. Butler, William S. Stone,* amici curiae.

---

[7] Here, as in *McFather,* supra, the insurer asserts that it tendered the optional PIP payment within 30 days of *Flewellen.* As in *McFather,* we do not here decide whether such payment was made. If not, the issues on retrial may be broader than stated above.