## 65168. VOYAGER CASUALTY INSURANCE COMPANY v. COLWELL.

CARLEY, Judge.

In *Voyager Cas. Ins. Co. v. Colwell*, 166 Ga. App. 17 (303 SE2d 152) (1983), appellant-insurer appealed from a judgment which had been entered on a directed verdict awarding appellee optional PIP benefits and on a jury verdict awarding appellee penalties, punitive damages and attorney fees pursuant to OCGA § 33-34-6. This court found no error with regard to the entry of judgment on the directed verdict for optional PIP benefits. However, we reversed the judgment entered on the verdict which awarded appellee penalties, punitive damages and attorney fees. On certiorari, the Supreme Court affirmed our evidentiary holding that certain oral communications between the agent of appellant-insurer and its insured had no relevance with reference to appellee's entitlement to a recovery and were therefore not erroneously excluded. *Voyager Cas. Ins. Co. v. Colwell*, 251 Ga. 744 (309 SE2d 617) (1983). However, because our original decision had pre-dated the decisions in *GEICO v. Mooney*, 250 Ga. 760 (300 SE2d 799) (1983) and *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739 (309 SE2d 799) (1983), the Supreme Court reversed our holding insofar as it intimated that appellee would be authorized to recover under OCGA § 33-34-6 for appellant's "bad faith" failure to pay *optional* PIP benefits prior to the date that the decision in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983) became final. Since at least a portion of appellee's recovery had been based upon appellant's pre-*Flewellen* nonpayment of the optional PIP benefits, the Supreme Court ordered a retrial of the instant case "as to the issue of [appellant's] good faith or lack of it in failing to pay the *minimum* benefits due within 30/60 days after the proof of loss was filed." (Emphasis in original.) *Voyager Cas. Ins. Co. v. Colwell*, supra at 749. The Supreme Court further recognized that if a tender by appellant of the optional PIP benefits was not made to appellee within 30 days of the date that the decision in *Flewellen* became final, "the issues on retrial may be broader than stated above." *Voyager Cas. Ins. Co. v. Colwell*, supra at 749, fn. 7.

Therefore, the judgment of the Supreme Court is made the judg-

ment of this court. The judgment of the trial court entered on the directed verdict for optional benefits is affirmed. The judgment awarding penalties, punitive damages and attorney fees is reversed and the case is remanded for a new trial as to the issue of appellant's liability under OCGA § 33-34-6 for failure to pay minimum PIP benefits within 30/60 days after proof of loss was filed and, should it prove to be appropriate, as to the issue of appellant's liability for failure to pay optional benefits within 30/60 days of the date that the decision in *Flewellen* became final.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, P. J., concur.*

DECIDED MARCH 14, 1984.

*William A. Erwin, Kenneth B. Hodges, Jr.*, for appellant.
*Kenneth M. Henson, Jr., Millard D. Fuller*, for appellee.