67973, 67974. GEORGIA FARM BUREAU MUTUAL
INSURANCE COMPANY v. MIDDLETON; and vice versa.

BANKE, Judge.

Case No. 67973 is an appeal from a grant of partial summary judgment to the insured in yet another action to recover optional PIP benefits under the "continuing offer" theory first announced in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980). The policy was applied for in August 1976, and the accident occurred in October 1979. The trial court concluded that the application did not comply with OCGA § 33-34-5, as it existed prior to the enactment of Ga. L. 1982, p. 1234, thus enabling the insured to claim optional PIP coverage in the amount of $45,000. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 711 (300 SE2d 673) (1983). Case No. 67974 is the insured's cross-appeal from the denial of her motion for summary judgment. This ruling was based on the trial court's determination that a jury issue remained as to the amount of her medical expenses. *Held*:

1. As the insurer concedes in its brief, the application is identical in form to the one considered and found deficient by this court in *Tolison v. Ga. Farm Bur. Mut. Ins. Co.*, 168 Ga. App. 187 (308 SE2d 386) (1983). However, in reliance upon *Tolison*, the insurer argues a material issue of fact is nevertheless created by conflicting evidence as to whether the agent orally explained to the insured her options concerning PIP coverage. The holding of *Tolison* as it pertains to this question has been overruled by the Supreme Court. *Ga. Farm Bur. Mut. Ins. Co. v. Tolison*, 253 Ga. 97 (317 SE2d 185) (1984). "[T]he intent of OCGA § 33-34-5 (Code Ann. § 56-3404b) is to ensure 'that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing*,' *Jones*, [*v. State Farm &c. Ins. Co.*, supra 156 Ga. App.] at p. 232. The purpose of the statute is to resolve conflicts which arise when an insured contends that he was not informed of his statutory right to optional benefits. When this claim is made, the resolution of the issue will be to look to the policy to determine if there was reduction or rejection of those benefits in conformance with the statutory scheme." *Flewellen*, supra at p. 714. See also *Colwell v. Voyager Cas. Ins. Co.*, 251 Ga. 744 (309 SE2d 617) (1983). The trial court did not err in granting the insured's motion for summary judgment on the issue of coverage.

2. In support of her motion for summary judgment, the insured

submitted an affidavit in which she itemized her medical expenses and to which she attached her corresponding medical bills. Although she averred that these expenses were for treatment necessitated by the collision, the trial court denied the motion for summary judgment on the ground that the evidence "set out only matters which are of necessity mere conclusions and opinions . . ."

OCGA § 24-7-9 provides that "(a) Upon the trial of any civil case involving injury or disease, the patient or the member of his family or other person responsible for the care of the patient shall be a competent witness to identify bills for expenses incurred in the treatment of the patient upon a showing by such witness that the expenses were incurred in connection with the treatment of the injury, disease, or disability involved in the subject of litigation at trial and that the bills were received from: (1) a hospital; (2) an ambulance service; (3) a pharmacy, drugstore, or supplier of therapeutic or orthopedic devices; or (4) a licensed practicing physician, chiropractor, dentist, orthotist, podiatrist, or applied psychologist. (b) Such items of evidence need not be identified by the one who submits the bill, and it shall not be necessary for an expert witness to testify that the charges were reasonable and necessary. However, nothing in this Code section shall be construed to limit the right of a thorough and sifting cross-examination as to such items of evidence."

This statute clearly provides for proof of medical expenses in the manner utilized here. The insurer offered no evidence to controvert the affidavit and did not seek to cross-examine the insured concerning the expenses. "Where nothing is offered to refute the [insured's] proof, the grant of a summary judgment is demanded." *Currington v. Federated Mut. Ins. Co.*, 145 Ga. App. 350, 351 (243 SE2d 713) (1978).

*Judgment affirmed in Case No. 67973. Judgment reversed in Case No. 67974. Pope and Benham, JJ., concur.*

DECIDED JULY 2, 1984.

*Thomas S. Chambless, Mark A. Gonnerman*, for appellant.
*B. Samuel Engram, Jr.*, for appellee.