S93A0643. BAILEY v. COLWELL et al.

(428 SE2d 570)

BENHAM, Justice.

Appellant Bailey and appellee Colwell were candidates in the November 1992 general election for the seat in the Georgia House of Representatives from the Seventh District. After Colwell was certified the winner with a margin of 101 votes, Bailey filed a contest to the election (see OCGA § 21-2-520 et seq.), contending there were irregularities in the processing of absentee ballots. See OCGA § 21-2-386 (a) (1). The trial court found that 131 absentee ballots were not properly cast in the general election, and that 409 electors did not vote for either candidate. The trial court granted a directed verdict to appellees because appellant had failed to establish sufficient doubt in the outcome of the Bailey-Colwell race. Appellant contends the trial court committed error by placing an erroneous burden of proof upon him.

Election results are presumed valid, and one contesting those results has the burden to affirmatively show that the facially valid results were invalid due to an irregularity sufficient to place the entire election result in doubt. *Johnson v. Rheney,* 245 Ga. 316 (1) (264 SE2d 872) (1980). A trial court hearing an election contest may declare an election invalid and call for a second election if it determines that the election "is so defective . . . as to place in doubt the result of the . . . election. . . ." OCGA § 21-2-527 (d).

> [T]o cast doubt on an election it is only necessary to show (1) that electors voted *in the particular contest being challenged* and (2) a sufficient number of them were not qualified to vote so as to cast doubt on the election. [Cit.] . . . Appellant must show that a sufficient number of electors voted illegally or were irregularly recorded in the contest being challenged to change or cast doubt on the election. It is not for whom they voted but that they voted in this "race" illegally or the votes were irregularly recorded. [*Taggart v.*

*Phillips*, 242 Ga. 454, 455 (249 SE2d 245) (1978).]

In the case at bar, while appellant established that 131 absentee ballots were not properly cast, he did not establish that any of the improper absentee ballots were cast in the Bailey-Colwell race. Thus, he was unable to "place in doubt the result [of the] . . . election," and the trial court correctly found in favor of the winner as certified by the Union County superintendent of election. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1993.

*Albert F. Taylor, Jr.,* for appellant.
*Norman S. Gunter, Aubrey T. Villines, Jr.,* for appellees.