## S96A0796. STREETER v. PASCHAL et al.
### (476 SE2d 759)

HINES, Justice

The City of Americus held an election on November 7, 1995, to fill three vacancies on the city council. Emmarene Streeter and Eloise Paschal opposed each other for the vacant seat in District 2. Based on the original result of the election, Streeter lost by a total of seven votes. On November 13, 1995, the city election superintendent conducted a recount of the votes, at Streeter's request, which resulted in Streeter losing an additional vote. The same day, Streeter filed a petition to contest the election result.[1]

---

[1] Streeter filed a letter, in the Sumter County Superior Court, addressed to the Senior

On November 29, 1995, the superior court conducted a hearing on Streeter's petition. After considering the evidence, the court dismissed the petition, finding that Streeter failed to meet the statutory requirements for contesting election results set forth in OCGA § 21-3-424. However, because the court believed the petition involved questions that went to the heart of the democratic process, it deemed it necessary to consider and rule on the substantive issues. It concluded that Streeter failed to prove there were any irregularities in the holding of the election or in the counting of the votes sufficient to change the result of the election or to call the result into doubt. Streeter appeals from the order.

1. Election returns carry a presumption of validity and the burden of showing irregularity or illegality sufficient to change or place in doubt the result of an election is on the party contesting the election. *Bailey v. Colwell*, 263 Ga. 111 (428 SE2d 570) (1993); *Johnson v. Rheney*, 245 Ga. 316 (1) (264 SE2d 872) (1980). Further, a trial court's findings in an election contest will not be disturbed unless clearly erroneous. *Hanson v. Kent*, 263 Ga. 124 (2) (428 SE2d 785) (1993).

The superior court did not err in ruling that Streeter failed to demonstrate irregularities sufficient to change or place in doubt the validity of the election result. Contrary to Streeter's contentions: there was no evidence to support allegations of wrongdoing on the part of the city election superintendent or that he tainted the election process; it was not error to void three ballots in accordance with OCGA § 21-3-346 (c); and the failure, if any, to notify certain voters of redistricting in writing did not constitute grounds for setting aside the election.

2. Because the action fails on the merits, it is unnecessary to address the procedural issue of whether or not the superior court erred in holding that the petition failed to comply with the statutory requirements for contesting election results under OCGA § 21-3-424.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 1996.

*King & Morgenstern, William J. Murray,* for appellant.

Superior Court Judge, officially contesting the city council District 2 election and requesting a recount of the votes and a new election. The sheriff's department served Eloise Paschal, the city marshal/election superintendent of Americus, and the City of Americus with a copy of the letter alleging specific errors in the election proceedings. Streeter also served the State Board of Elections by mail.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, James M. Skipper, Jr.,* for appellees.