S98A0817. HENDRY v. SMITH et al.
(505 SE2d 216)

HINES, Justice.

On November 4, 1997, the City of Hampton held a mayoral election with incumbent Smith and challenger Hendry as the only candidates. Smith received 352 votes to Hendry's 261, a margin of 91 votes. The official polling place was the city council chambers located in Hampton's city hall. On election day, Smith parked his personal vehicle outside city hall, voted, and went to work in his city hall office. While the polls were open, Smith twice went to the council chambers and spoke with poll manager Greer about Smith's challenge to the residency of two registered voters; the challenge was filed October 31 but had not yet been addressed. On his way out of the building after the second discussion with Greer, Smith shook hands and spoke briefly with a departing voter he knew and then,

outside another entrance to the building, spoke for a few minutes with a city police officer and two other acquaintances.

Hendry filed a petition contesting the election based upon Smith's alleged misconduct. See OCGA § 21-3-321 (a). The court, sitting without a jury, found that Smith's mere presence in his office was not a violation of law and that his discussions with the poll manager were limited to his voter challenges and the manner in which those challenges would be addressed. The court denied Hendry's challenge, rejecting his allegation that Smith's vehicle was parked at the polling place displaying campaign signs, noting that there was a conflict of evidence on the matter and specifically finding there were no signs on the vehicle that day.

Election returns are presumed to be valid and it is the burden of the party contesting the election to show irregularity or illegality sufficient to place the result of the election in doubt. *Streeter v. Paschal*, 267 Ga. 207, 208 (1) (476 SE2d 759) (1996). There was no evidence that, while Smith was inside the polling place to cast his vote, while in his office away from public view, or later when he was inside the polling place or outside speaking with acquaintances, he engaged in any action that constitutes soliciting votes or any other activity prohibited under OCGA § 21-3-321. Although it would have been wiser for Smith to address the voter challenges before election day, or communicate with Greer through an intermediary, the court did not err in finding that Smith committed no misconduct. Mere presence at the polling place, without more, does not violate OCGA § 21-3-321, else it would not be possible for candidates to exercise their right to vote.

Further, Hendry failed to demonstrate that Smith's conduct placed the result of the election in doubt. See OCGA § 21-3-422 (1); *Streeter*, supra; *Johnson v. Collins*, 260 Ga. 152 (391 SE2d 113) (1990). Not only was there no evidence that Smith engaged in any activity that could be considered soliciting votes, Hendry presented no evidence that Smith's actions in any way placed the result of the election in doubt. Contrary to Hendry's contention, even if Smith's actions were considered misconduct, they were not, by themselves, sufficient to allow the conclusion that the result of the election was placed in doubt. Compare *Stiles v. Ernest*, 252 Ga. 260, 262 (3) (312 SE2d 337) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Harrison & Harrison, Stephen P. Harrison,* for appellant.

*Smith, Welch, Studdard & Brittain, Benjamin W. Studdard III,* for appellees.