S93A0615. HANSON v. KENT et al.
(428 SE2d 785)

CARLEY, Justice.

Pursuant to OCGA § 21-2-524, appellant-contestant Johnny Hanson filed a pro se petition to contest the election of appellee-defendant Charles Kent to the office of Chairman of the Tift County Board of Commissioners. The trial court, after hearing the evidence without a jury, declared appellee to have been duly elected. Appellant appeals from that order of the trial court.

1. The trial court denied appellant's motion for a continuance and this ruling is enumerated as error.

Appellant had requested a continuance in order "to prepare a proper case in this action." The trial court, in the exercise of its discretion, was authorized to find that appellant had been afforded adequate time to prepare his case and that, if he was not prepared, it was due to his failure to have exercised sufficient diligence during the time he had been afforded. The trial court's discretion in granting or refusing a continuance "will not be interfered with by the appellate courts unless it clearly appears that the judge abused his discretion. [Cit.]" *McCorquodale v. Stynchcombe*, 239 Ga. 138, 139-140 (1) (a) (236 SE2d 486) (1977). We find no abuse of discretion in the instant case.

2. After hearing the evidence, the trial court found "that there was no misconduct, fraud, or irregularity . . .; [t]hat no illegal votes were received or legal votes rejected at the polls . . .; and [t]hat no error was committed in the counting of the votes or the declaration of the result of the election. . . ." Appellant urges that these findings were erroneous.

"Findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a).

The "clearly erroneous" test is the same as the "any evidence rule." [Cit.] Thus, an appellate court will not disturb fact

findings of a trial court if there is any evidence to sustain them. [Cit.]

*Allen v. Cobb Heating &c. Co.*, 158 Ga. App. 209, 210 (279 SE2d 505) (1981). A review of the transcript of the hearing demonstrates the existence of sufficient evidence to support the trial court's findings in the instant case. Accordingly, those findings are not clearly erroneous and will not be set aside on appeal.

3. Likewise, we find no error in the trial court's conclusion of law that appellee had been "duly elected."

Election returns carry a presumption of validity. [Cit.] Therefore, the burden [was] on [appellant] in this case to affirmatively show that the facially valid results were invalid due to an irregularity sufficient to place the entire election result in doubt.

*Johnson v. Rheney*, 245 Ga. 316 (1) (264 SE2d 872) (1980). The trial court, having found that appellant had failed to meet this burden, correctly concluded that, as a matter of law, appellee had been "duly elected."

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 13, 1993.

Johnny Hanson, *pro se.*
*Reinhardt, Whitley & Wilmot, Robert C. Wilmot,* for appellees.