S94A1508. DISCOTHEQUE, INC. et al. v. CITY COUNCIL OF AUGUSTA et al.
(449 SE2d 608)

CARLEY, Justice.

Appellee-defendant City Council passed a municipal ordinance regulating adult entertainment on premises which were licensed to sell, serve or dispense alcoholic beverages. Contending that the ordinance was unconstitutional, appellant-plaintiffs brought suit to enjoin its enforcement. The trial court granted summary judgment in favor of appellee, upholding the constitutionality of the ordinance. Appellants appeal from that grant of summary judgment.

A legislative restriction on adult entertainment must satisfy a tripartite test in order to comport with the free speech guarantees of the federal and state constitutions. *Harris v. Entertainment Systems*, 259 Ga. 701, 703 (1) (c) (386 SE2d 140) (1989). The constitutionality of a law regulating adult entertainment will be upheld only (1) if it furthers an important government interest; (2) if that government interest is unrelated to the suppression of speech; and, (3) if the incidental restriction of speech is no greater than is essential to the furtherance of that government interest. *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252, 256 (297 SE2d 250) (1982).

The terms of the instant municipal ordinance differ in no material respect from that of the county ordinance which was held to be constitutional in *S. J. T., Inc. v. Richmond County*, 263 Ga. 267 (430 SE2d 726) (1993). See also *Gravely v. Bacon*, 263 Ga. 203 (429 SE2d 663) (1993). However, in *S. J. T., Inc.*, supra at 268 (1), there was "no dispute" as to whether the county ordinance satisfied the first and second requirements in the *Paramount* test and "the controversy" concerned "only the third requirement in the *Paramount* test." Thus, the only constitutional question which was addressed and resolved in *S. J. T., Inc.* was whether the county ordinance was so narrowly drawn as to satisfy the third requirement in the *Paramount* test. Accordingly, *S. J. T., Inc.* is authority only for the proposition that the instant municipal ordinance was so narrowly drawn by appellee as to

satisfy that third requirement in the *Paramount* test.

However, the burden was on appellee, as the movant for summary judgment, to show that no genuine issue of material fact remained as to *any* of the three requirements in the *Paramount* test. The preamble of the municipal ordinance states that appellee's purpose in passing it was to reduce criminal activity and deterioration of neighborhoods as pernicious secondary effects of adult entertainment establishments. Certainly, reduction of criminal activity and prevention of the deterioration of neighborhoods are important government interests which are unrelated to the suppression of speech. *Barnes v. Glen Theatre,* 501 U. S. ____ (111 SC 2456, 115 LE2d 504) (1991); *City of Renton v. Playtime Theatres,* 475 U. S. 41 (106 SC 925, 89 LE2d 29) (1986). Accordingly, if, in support of its motion for summary judgment, appellee had adduced some evidence that criminal activity and deterioration of neighborhoods were, in fact, pernicious secondary effects of adult entertainment establishments, then appellee would have met its burden of showing that no genuine issue of material fact remained as to the constitutionality of the municipal ordinance.

The preamble to the municipal ordinance further states that appellee had relied upon the "experience" of other municipalities and counties as showing that criminal activity and deterioration of neighborhoods are pernicious secondary effects of adult entertainment establishments. However, this statement in the preamble as to the justifying "experience" of other municipalities and counties upon which appellee relied in passing the municipal ordinance is itself merely self-serving conclusory hearsay and would not support the grant of appellee's motion for summary judgment. See *Textile Products v. Fitts Cotton Goods,* 124 Ga. App. 421 (184 SE2d 14) (1971). In the absence of probative evidence of the "experience" of other municipalities and counties upon which appellee relied, summary judgment would not be appropriate.

> The First Amendment does not require a city, before enacting such an ordinance, to conduct new studies or produce evidence independent of that already generated by other cities, so long as whatever *evidence* the city relies upon is reasonably believed to be relevant to the problem that the city addresses.

(Emphasis supplied.) *City of Renton v. Playtime Theatres,* supra at 51-52. No probative evidence of the "experience" of other municipalities and counties upon which appellee relied in passing the municipal ordinance was ever adduced.

Construing the evidence most favorably for appellants and most

strongly against appellee, appellee has failed to demonstrate that a genuine issue of material fact no longer remains as to the first and second requirement in the *Paramount* test. It follows that the trial court erred in granting summary judgment in favor of appellee.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1994.

*Groover & Childs, Denmark Groover, Jr., Chris G. Nicholson,* for appellants.

*Paul H. Dunbar III, Ziva P. Bruckner,* for appellees.