S94A0918. QUETGLES et al. v. CITY OF COLUMBUS et al.
S94A0927. WELLS et al. v. CITY OF COLUMBUS et al.
(450 SE2d 677)

CARLEY, Justice.

Appellee-defendant City of Columbus (City) adopted an ordinance which prohibits private modeling sessions or other sexual displays in one-on-one sessions and close mingling between customers and employees of adult entertainment establishments. Appellant-plaintiffs brought suit challenging the constitutionality of the ordinance. The trial court granted the City's motion to dismiss for failure to state a claim and appellants appeal.

A legislative restriction on adult entertainment must satisfy a tripartite test in order to comport with the free speech guarantees of the federal and state constitutions. *Harris v. Entertainment Systems,* 259 Ga. 701, 703 (1) (c) (386 SE2d 140) (1989). The constitutionality of a law regulating adult entertainment will be upheld only (1) if it furthers an important governmental interest; (2) if that governmental interest is unrelated to the suppression of speech; and, (3) if the incidental restriction of speech is no greater than is essential to the furtherance of that governmental interest. *Paramount Pictures Corp. v. Busbee,* 250 Ga. 252, 256 (297 SE2d 250) (1982).

On the City's motion to dismiss under OCGA § 9-11-12 (b) (6), appellants' pleadings must be construed most favorably for them and all doubt resolved in their favor. *Alford v. Pub. Svc. Comm.,* 262 Ga. 386, fn. 1 (418 SE2d 13) (1992). Applying that standard, appellants' pleadings raise a justiciable issue as to whether the ordinance furthers an important governmental interest which is unrelated to free speech. In support of its motion to dismiss, the City produced no evidence showing that the ordinance furthers such an important governmental interest. In *Discotheque, Inc. v. City Council of Augusta,* 264 Ga. 623 (449 SE2d 608) (1994), we held that it was error to grant summary judgment upholding the constitutionality of an ordinance regulating

adult entertainment in the absence of such evidence. Accordingly, the grant of the City's motion to dismiss for failure to state a claim must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

FLETCHER, Justice, concurring.

I concur in the judgment because of this court's decision in *Discotheque, Inc. v. City Council of Augusta*, 264 Ga. 623 (449 SE2d 608) (1994). Since that case requires a city to present more evidence of a content-neutral purpose than the ordinance's preamble, the Columbus ordinance did not have even a preamble explaining the city's reasons for passing the ordinance, and the City of Columbus moved to dismiss the complaint without producing any evidence, I agree that Quetgles states a claim for which relief may be granted.

1. Although I was part of the unanimous court in *Discotheque*, I now believe that this court made a mistake in reversing the judgment in favor of the City of Augusta. Rather than concluding that the preamble to the Augusta ordinance was "self-serving conclusory hearsay" that would not support summary judgment, I would now hold that the preamble was sufficient evidence to show that the city had an important government interest unrelated to the suppression of speech in passing the ordinance.[1] All the United States Supreme Court requires is that a city rely on evidence that "is reasonably believed to be relevant to the problem that the city addresses." See *City of Renton v.*

---

[1] The preamble to Augusta's ordinance in that case stated the following:
*Section 1. Findings; Public Purpose.* Based on the experience of other urban counties and municipalities, including, but not limited to Richmond County, Georgia; Atlanta and Fulton County, Georgia; DeKalb County, Georgia; and Ft. Lauderdale and Palm Beach, Florida, which experiences we believe are relevant to the problems faced by City of Augusta, Georgia, we take note of the notorious and self-evident conditions attendant to the commercial exploitation of human sexuality, which do not vary greatly among generally comparable communities within our country. Moreover, it is the finding of the City Council of Augusta that public nudity (either partial or total) under certain circumstances, particularly circumstances related to the sale and consumption of alcoholic beverages in so-called "nude bars" or establishments offering so-called "nude entertainment" or "adult entertainment", begets criminal behavior and tends to create undesirable community conditions. Among the acts of criminal behavior identified with nudity and alcohol are disorderly conduct, prostitution, and drug trafficking and use. Among the undesirable community conditions identified with nudity and alcohol are depression of property values in the surrounding neighborhood, increased expenditure for the allocation of law enforcement personnel to preserve law and order, increased burden on the judicial system as a consequence of the criminal behavior hereinabove described, and acceleration of community blight by the concentration of such establishments in particular areas. Therefore, the limitation of nude conduct in establishments licensed to sell alcohol for consumption on the premises is in the public welfare and it is a matter of governmental interest and concern to prevent the occurrence of criminal behavior and undesirable community conditions normally associated with establishments which

*Playtime Theatres*, 475 U. S. 41, 49-50 (106 SC 925, 89 LE2d 29) (1986). Based on the theory of "legislative notice," a city council may rely on the findings and experiences of other governmental bodies in enacting ordinances regulating adult entertainment establishments.[2] Since the concerns expressed in the preamble to the Augusta ordinance are not arbitrary, irrational or speculative and the predominate reason for its passage was the reduction of adverse secondary effects, I now conclude that the Augusta ordinance was a reasonable time, place, and manner restriction on the protected expression of barroom nude dancing.

2. Because of the procedural posture of this case, our decision today reversing the judgment in favor of the City of Columbus does not address the constitutionality of the regulation banning private booths in lingerie modeling studios. State, cities, and counties may prohibit closed booths in sexually oriented businesses, whether they are video arcades, adult bookstores, or lingerie modeling studios, as a reasonable manner regulation on free speech. "[A]ll federal courts that have addressed this issue have unanimously upheld the open-booth requirement as a valid exercise of state police powers." See *Mitchell v. Comm. on Adult Entertainment Establishments*, 10 F3d 123, 143 (3rd Cir. 1993) (listing eleven cases from six courts of appeal); see also *City of Lincoln v. ABC Books*, 238 Neb. 378 (470 NW2d 760) (1991) (upholding the constitutionality of ordinance that prohibited enclosed or concealed booths in picture arcades). The government can eliminate closed booths based on its interest in reducing crime, preventing public sexual activity, maintaining public health, and protecting adjacent properties from deterioration.[3]

3. Nor does the court's decision today address what type of evidence is required in a summary judgment proceeding and whether the evidence must have been presented to the legislative body when en-

---

serve alcohol and also allow and/or encourage nudity. To that end, this Ordinance is hereby adopted.
Ordinance No. 5643.

[2] See *Postscript Enterprises v. City of Bridgeton*, 905 F2d 223 (8th Cir. 1990) (upholding ordinance eliminating closed viewing booths in movie arcade based solely on the ordinance's introductory "whereas" clauses); see also *Mitchell v. Comm. on Adult Entertainment Establishments*, 10 F3d 123, 141-143 (3rd Cir. 1993) (relying in part on doctrine of legislative notice to conclude the Delaware legislature had an adequate basis for enacting an open-booth requirement in adult entertainment establishments); *Wall Distributors v. City of Newport News*, 782 F2d 1165, 1169-1170, n. 7 (4th Cir. 1986) ("legislative notice of facts must be deemed to run at least as wide as does judicial notice").

[3] See, e.g., *Wall Distributors*, 782 F2d at 1169 (open-booth regulation designed to promote public welfare by preventing crime and maintaining sanitary conditions); *Berg v. Health &c. Corp.*, 865 F2d 797 (7th Cir. 1989) (open-booth ordinance designed to help prevent or slow the spread of AIDS by eliminating structures where high-risk sexual activity occurs); *Ellwest Stereo Theatres v. Wenner*, 681 F2d 1243 (9th Cir. 1982) (open-booth requirement aimed at curtailing public sexual criminal offenses).

acting the ordinance. The safer position for cities and counties that wish to adopt constitutional regulations is to assume that the governing body must have some evidence of the relationship between the proposed regulation of adult entertainment establishments and the asserted government interest at the time of enactment.

> The decision to enact such a regulation constitutes a legislative determination that closed booth showings produce side effects that are destructive of public health, decency and order. To have this determination sustained against constitutional attack, a legislature is not bound to create an evidentiary record that would pass muster on plenary judicial review of legislation's necessity and fitness to achieve desired results. Judicial review goes only to whether the legislative determination of justification and fitness is not facially without factual support, hence not arbitrary and capricious.

*Wall Distributors v. City of Newport News*, 782 F2d 1165, 1169 (4th Cir. 1986). Thus, courts have concluded that statements of citizens and government officials; correspondence from citizens' associations, council members, and a state's attorney; and untranscribed testimony at public hearings and meetings about the adverse effects of adult bookstores was sufficient evidence of secondary effects under *Renton* to withstand a constitutional challenge to the ordinance.[4] Given the role of judicial review in these cases, I do not think that this court need adopt any more stringent standard on the sufficiency of the evidence than required by other courts in reviewing open-booth requirements.

I am authorized to state that Justice Hunstein joins in this concurrence.

SEARS, Justice, concurring.

I agree with the majority that the trial court's judgment must be reversed. I write to emphasize two points. First, the majority opinion does not address several issues raised by the appellants that do not relate to the First Amendment issue on which the Court reverses. As to those issues, the Court's silence does not amount to an affirmance of the trial court's ruling on them. Instead, by reversing the grant of

---

[4] See *11126 Baltimore Blvd. v. Prince George's County*, 886 F2d 1415, 1418 (4th Cir. 1989), vacated on other grounds, 496 U. S. 901 (110 SC 2580, 110 LE2d 261) (1990); see also *Doe v. City of Minneapolis*, 898 F2d 612, 615-616 (8th Cir. 1990) (relying on affidavits by city law enforcement officers, statements of support by state health officials, scientific articles on the spread of the AIDS virus, and affidavits submitted by Indiana officials to support city's decision to reduce high risk sexual conduct and the resulting spread of the AIDS virus by removing doors from viewing booths in adult bookstores).

the motion to dismiss, this Court has effectively reinstated the appellants' complaint.

Second, with regard to the City of Columbus's burden to produce evidence of secondary effects of appellants' adult entertainment establishments, I write to emphasize that for the city's ordinance to pass constitutional muster the city must have relied on that evidence "in passing the municipal ordinance." *Discotheque, Inc. v. City Council of Augusta*, 264 Ga. 623, 624 (449 SE2d 608) (1994).

I am authorized to state that Chief Justice Hunt joins in this concurrence.

DECIDED DECEMBER 5, 1994.

*Michael E. Garner, Hillard J. Quint, Steven M. Youngelson*, for appellants.

*Eugene H. Polleys, Jr.*, for appellees.

