## S95A0655. PARKER v. WHITFIELD COUNTY.
### (463 SE2d 116)

THOMPSON, Justice.

Parker, the owner of a nude dancing establishment known as Paperdolls, attacks the constitutionality of a Whitfield County ordinance pertaining to the regulation of adult entertainment establishments. We find the ordinance constitutional and affirm the superior court's denial of declaratory and injunctive relief.

1. Determining that adult entertainment establishments increased criminal sexual activity and depressed surrounding property values, the Whitfield County Board of Commissioners enacted an ordinance which was intended to minimize these concerns. The enactment of the ordinance was based on studies conducted by other communities, as well as formal and informal meetings between the members of the board, the Whitfield County Sheriff's Department, county residents, and the commissioners of other counties. Parker takes the position that the evidence assembled by the board was insufficient to justify the enactment of the ordinance. In this regard, he asserts that the county presented no evidence that the studies upon which the board relied were reasonable or accurate. However,

> [i]t was not incumbent upon the [county] to prove the efficacy of the studies. To the contrary, the [county] was only required to prove that it considered "specific evidence of the

pernicious secondary effects of adult entertainment establishments which it reasonably believed to be relevant to the problems addressed by the ordinance." *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 530 (457 SE2d 816) (1995).

*World Famous Dudley's Food &c. v. City of College Park*, 265 Ga. 618, 620 (458 SE2d 823) (1995). The evidence offered by the county satisfied that burden.

2. The ordinance sets forth certain regulations to create and ensure a buffer between performers and patrons. For example, it requires performers to dance on a stage of minimum height; establishes minimum distance requirements to prevent patrons and performers from touching each other; provides for full lighting of the premises; prohibits performers from receiving gratuities; and prohibits the sale and consumption of alcoholic beverages on the premises. Parker erroneously asserts these regulations demonstrate that the ordinance is unconstitutional because they are aimed at the suppression of free speech, not the pernicious secondary effects of nude dancing.

An ordinance can pass constitutional muster even though it has a somewhat negative impact on protected expression. See *Pel Asso, Inc. v. Joseph*, 262 Ga. 904, 907 (427 SE2d 264) (1993). The Whitfield County ordinance furthers important government interests (reducing crime and protecting neighborhoods from deterioration) unrelated to the suppression of free speech, and the incidental restriction of speech is no greater than necessary to further the government interests. See *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252, 256 (297 SE2d 250) (1982); *Gravely v. Bacon*, 263 Ga. 203, 207 (429 SE2d 663) (1993).

Parker's assertion that these regulations violate equal protection is equally erroneous. The county can "classify and regulate adult entertainment establishments differently from other places of entertainment. [Cit.]" *Gravely v. Bacon*, supra at (3).

3. The ordinance requires the owners and employees of adult entertainment establishments to be licensed by county officials. In this regard, the ordinance provides that the decision-maker must investigate the background of an applicant and grant or deny the license within 30 days. It also allows for an appeal to the board from an adverse decision and requires the board to hold a hearing within 30 days. These requirements ensure that licensing decisions are to be made within a specified brief period and do not place unbridled discretion in the hands of the county. See *FW/PBS, Inc. v. City of Dallas*, 493 U. S. 215, 226, 227 (110 SC 596, 107 LE2d 603) (1990) (ordinance which does not set reasonable time limits for decision-maker to issue license is impermissible); *TK's Video v. Denton County, Tex.*,

24 F3d 705, 708 (5th Cir. 1994) (licensing decision to be made within 60 days is reasonable).

Moreover, the ordinance contains clear and appropriate standards for the issuance of a license. It states that a license shall be issued to an applicant who is at least 18 years of age, completes the application, cooperates in the application process, has not made a material misrepresentation in the application and has not been convicted of a specified sexual offense. The ordinance does not vest the decision-maker with unfettered discretion simply because the applicant must provide additional information upon the decision-maker's request.

4. The ordinance does not discriminate against adult business establishments because it provides that licensees must not have been convicted of a sexual offense. This provision is not overbroad — it is a valid exercise of the police power and is not unreasonable. Compare *Airport Book Store v. Jackson*, 242 Ga. 214, 222 (248 SE2d 623) (1978) (denial of license based on sexual offense is reasonable) with *Pel Asso, Inc. v. Joseph*, supra at 909 (denial of license based on any crime of moral turpitude is unreasonable).

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED NOVEMBER 6, 1995.

*Thomas E. Maddox, Jr.,* for appellant.
*McCamy, Phillips, Tuggle & Fordham, C. Lee Daniel III,* for appellee.