S95A1967. CHAMBERS v. PEACH COUNTY.
(467 SE2d 519)

BENHAM, Chief Justice.

Complaining that Veeda Chambers' operation of "Neon Cowboy," an adult entertainment establishment offering nude dancing, violated the county's adult entertainment ordinance and constituted a continuing nuisance, Peach County sought an interlocutory and permanent injunction against its continued operation. After finding that the county ordinance in question did not violate the United States or Georgia constitutions, the trial court concluded that the county was authorized to enforce the adult entertainment ordinance against Chambers and the Neon Cowboy. Chambers then sought appellate review of the trial court's determination, contending that the ordinance violated the state and federal constitutional provisions guaranteeing due process, equal protection, freedom of speech, and freedom to contract with others.

In part, the ordinance in question requires a county-issued permit in order to operate an adult entertainment establishment in unincorporated Peach County; requires employees and independent contractors of the establishments to receive county approval for employment; and defines the area in which such businesses may locate. In addition, the ordinance regulates conduct between patrons

and dancers in "erotic dance establishments,"[1] and prohibits an erotic dance establishment licensee from serving, selling, distributing or permitting the consumption or possession of intoxicating beverages upon the premises. The ordinance declares as unlawful and a public nuisance subject to abatement any adult entertainment establishment operated, conducted, or maintained contrary to the provisions of the ordinance. It is undisputed that "Neon Cowboy" is an adult entertainment establishment and an erotic dance establishment.

1. We address first appellant's contention that the ordinance is an impermissible restriction on constitutionally protected expressive conduct. Both the federal and state constitutions offer protection to some forms of nude dancing, since it is "expressive conduct within the outer perimeters of the First Amendment. . . ." *Barnes v. Glen Theatre*, 501 U. S. 560, 566 (111 SC 2456, 115 LE2d 504) (1991); *Harris v. Entertainment Systems*, 259 Ga. 701 (1) (a) (386 SE2d 140) (1989).[2] That is not to say, however, that protected expressive conduct may not be restricted or regulated in any way. If a statute or ordinance is content-neutral, i.e., if it is " 'justified without reference to the content of the regulated speech,' [cit.]" (*Hirsh v. City of Atlanta*, 261 Ga. 22 (2) (a) (401 SE2d 530) (1991)), the statute or ordinance may limit speech if it: (1) furthers an important governmental interest; (2) is unrelated to the suppression of speech; and (3) its incidental restriction of speech is no greater than essential to further the important governmental interest. *Paramount Pictures v. Busbee*, 250 Ga. 252 (1) (297 SE2d 250) (1982). See also *Barnes v. Glen Theatre*, 501 U. S. 560, supra. An ordinance "designed to combat the undesirable secondary effects of [sexually explicit] businesses" is reviewed pursuant to the standards applicable to content-neutral regulations. *City of Renton v. Playtime Theatres*, 475 U. S. 41, 49 (106 SC 925, 89 LE2d 29) (1986). See also *Harris v. Entertainment Systems*, supra, 259 Ga. at 703. Thus, before the ordinance is put to the *Paramount Pictures* three-pronged test reserved for content-neutral legislation, it must be established that the ordinance is designed to combat the undesirable secondary effects of sexually explicit businesses. As movant for summary judgment, Peach County had the burden of showing that no

---

[1] In this regard, the Peach County ordinance is very similar to the Smyrna ordinance at issue in *Gravely v. Bacon*, 263 Ga. 203, 204, n. 2 (429 SE2d 663) (1993).

[2] While the Twenty-first Amendment to the federal constitution sanctions infringement on expressive rights through state regulation of the sale of alcohol, the Georgia Constitution provided no equivalent police power when the ordinance in question was passed by the Peach County Board of Commissioners, or when enforcement proceedings were initiated in the trial court. See *Pel Asso, Inc. v. Joseph*, 262 Ga. 904, 905, n. 1 (427 SE2d 264) (1993). A month after the county filed this suit, the voters of Georgia ratified a constitutional amendment which authorizes state regulation of the sale of alcohol, and delegates that authority to local governments. See Ga. Const., Art. III, Sec. VI, Par. VII.

genuine issue of material fact remained concerning the ordinance's purpose as an effort to deal with adverse secondary effects or concerning any prong of the tripartite test set forth in *Paramount Pictures*, supra. See *Discotheque v. City Council of Augusta*, 264 Ga. 623, 624 (449 SE2d 608) (1994). We turn our attention, then, to the county's effort to establish that its ordinance was passed to combat the undesirable secondary effects of sexually explicit businesses.

2. The Peach County ordinance has as its stated purpose:

> to regulate certain types of businesses . . . to the end that the many types of criminal activities frequently engendered there by such businesses will be curtailed. . . . As to adult entertainment establishments, this ordinance re[pre]sents a balancing of competing interests: reduced criminal activity and protection of the neighborhoods through regulation of adult entertainment establishments versus the protected rights of adult entertainment establishments and patrons.

In enacting an ordinance to combat the undesirable secondary effects of adult entertainment establishments, a governing body is required to rely upon evidence "reasonably believed to be relevant to the problem" the government is addressing. *Renton v. Playtime Theatres*, supra, 475 U. S. at 51-52. The Peach County ordinance's statement of purpose is not evidence of undesirable secondary effects upon which the county could rely in enacting the ordinance and it does not show that, in enacting the ordinance, the county relied on evidence reasonably believed to be relevant to the problems of increased crime and neighborhood deterioration. See *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 530 (457 SE2d 816) (1995); *Discotheque v. City Council of Augusta*, supra, 264 Ga. at 624. At the time a governing body seeks to regulate adult entertainment establishments, it must have evidence of a relationship between the proposed regulation and the undesirable secondary effects it seeks to control. See *Quetgles v. City of Columbus*, 264 Ga. 708, 711 (450 SE2d 677) (1994) (Fletcher, P. J., concurring). The Peach County ordinance's statement that it is an attempt to curtail the criminal activity and the deterioration of neighborhoods that accompany adult entertainment establishments is not evidence that adult entertainment establishments need regulation because they cause increased crime and neighborhood deterioration. See *Discotheque v. City Council of Augusta*, supra, 264 Ga. at 624. In passing its regulation, a governing body may rely on the experience of other counties and municipalities to show the relationship. *City of Renton v. Playtime Theatres*, supra, 475 U. S. at 51; *Discotheque v. City Council of Augusta*, supra, 264 Ga. at 624. See also *Quetgles v. City of Columbus*, supra, 264 Ga. at 712 (Sears, J.,

concurring). The Peach County ordinance does not state that it is relying on the experience of other governing bodies in enacting this ordinance. Compare *Parker v. Whitfield County*, 265 Ga. 829 (463 SE2d 116) (1995); *World Famous Dudley's v. City of College Park*, 265 Ga. 618 (458 SE2d 823) (1995).

3. Recognizing the problem its ordinance faced, the county attached to its motion for summary judgment the affidavit of the chairman of the county commission, which affidavit was accompanied by copies of studies conducted by other governing bodies regarding undesirable secondary effects associated with adult entertainment establishments. The chairman stated that the county commission relied on legal advice and intended to enact a constitutionally valid ordinance, and concluded from his review of the accompanying studies of secondary effects that the studies were consistent with the purpose and goal of Peach County's ordinance. Speaking for the county commission, the chairman stated that the purpose of the ordinance was to control or eliminate the undesirable secondary effects that the attached studies showed to be caused by adult businesses.

The county's evidence misses the mark. In order for the ordinance regulating expressive conduct at sexually explicit businesses to withstand constitutional challenge, the county must show that *in enacting* the ordinance the county commission was trying to control undesirable secondary effects of sexually explicit businesses. *City of Renton v. Playtime Theatres*, supra. The governing body must, before passing the ordinance, consider specific evidence of the undesirable secondary effects of adult entertainment establishments that it reasonably believed relevant to the problems it sought to address by passing the ordinance (see *Parker v. Whitfield County*, supra, 265 Ga. at 829; *World Famous Dudley's v. City of College Park*, supra, 265 Ga. at 619; *Quetgles v. City of Columbus*, supra, 264 Ga. at 711 (Fletcher, P. J., concurring); id. at 712 (Sears, J., concurring); *Discotheque v. City Council of Augusta*, 264 Ga. at 624), and evidence of the material considered and relied upon by the governing body in enacting the ordinance must be offered when the governing body seeks judgment in its favor in a lawsuit challenging the constitutionality of the ordinance. *Discotheque v. City Council of Augusta*, supra, 264 Ga. at 624. In the case at bar, there is no evidence that, before passing the ordinance, the Peach County Commission considered and relied upon evidence of adverse secondary effects; furthermore, even if the commission did consider and rely upon such evidence before enacting the ordinance, the appellate record does not contain that material. In light of these deficiencies, the ordinance regulating expressive conduct cannot pass constitutional muster. Consequently, the trial court erred when it found the ordinance constitutional and authorized the county to enforce it against appellant.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED MARCH 4, 1996.

*Hillard J. Quint,* for appellant.
*Adams & Adams, Charles R. Adams, Jr.,* for appellee.