S96A0667. SECRET DESIRES LINGERIE, INC. et al. v. CITY OF ATLANTA et al.
S96A0668. GAMBILL v. CITY OF ATLANTA et al.
(470 SE2d 879)

THOMPSON, Justice.

On October 4, 1993, the City of Atlanta enacted an ordinance to regulate lingerie modeling studios. Appellants challenged the constitutionality of the ordinance, seeking declaratory and injunctive relief. Following a trial, the superior court upheld the constitutionality of the ordinance. This appeal followed.

Appellants assert the City did not rely upon relevant evidence of the undesirable secondary effects of lingerie modeling studios when it enacted the ordinance and that, therefore, the ordinance cannot pass constitutional muster. We agree.

When a governing body enacts an ordinance regulating adult entertainment establishments because of their purported undesirable

secondary effects, it must rely upon specific evidence showing a correlation between such establishments and the undesirable secondary effects the governing body seeks to control. *Chambers v. Peach County*, 266 Ga. 318, 320 (467 SE2d 519) (1996). The governing body can rely on evidence in the form of studies performed by other governmental units. *City of Renton v. Playtime Theatres*, 475 U. S. 41, 51 (106 SC 925, 89 LE2d 29) (1986); *Discotheque, Inc. v. City Council of Augusta*, 264 Ga. 623, 624 (449 SE2d 608) (1994). It can rely on evidence in the form of its own formal studies, see *World Famous Dudley's v. City of College Park*, 265 Ga. 618, 619 (458 SE2d 823) (1995), and it may rely on evidence not contained in formal studies. See *Parker v. Whitfield County*, 265 Ga. 829 (463 SE2d 116) (1995) (county relied upon studies of other communities as well as formal and informal meetings between members of the board, county sheriff's department, county residents and commissioners of other counties). The studies need not be perfect, *World Famous Dudley's v. City of College Park*, supra, but they must be considered *before* the ordinance is passed in order for the ordinance to be considered as one enacted for the purpose of combating the undesirable secondary effects of sexually explicit businesses. *Chambers v. Peach County*, supra.

In a lawsuit challenging the constitutionality of an ordinance regulating adult business establishments, the governing body must be able to offer evidence of the studies it relied upon in enacting the ordinance. Id. If it cannot do so, the ordinance cannot be deemed constitutional.

At trial, the City introduced the testimony of three of its vice squad officers who opined that there is a correlation between lingerie modeling studios and prostitution. But the City did not even show that members of the city council were aware of the officers' conclusions, much less that the ordinance was enacted on the basis of those conclusions. And the ordinance itself sheds no light on this issue.[1] Compare *World Famous Dudley's v. City of College Park*, supra, in which the preamble of an ordinance regulating adult business establishments recited that it was based on the experiences of certain cities.

The City is unable to point to any evidence demonstrating that it considered specific studies of the pernicious secondary effects of lin-

---

[1] The preamble to the ordinance simply provides:
WHEREAS the City of Atlanta has an interest in promoting and protecting the public health safety and general welfare of its citizens; and, WHEREAS the City of Atlanta has a responsibility in maintaining law and order within its borders; and . . . WHEREAS the Code of Ordinances of the City of Atlanta does not currently regulate lingerie modeling studio establishments and their employees; and WHEREAS lingerie modeling studio establishments have a tendency to breed illegal activities . . .

gerie modeling studios *before* enacting the ordinance. Although the trial court found that the City had knowledge of the police officers' conclusions prior to the enactment of the ordinance, the trial court's finding is clearly erroneous. There is not a scintilla of evidence demonstrating that the police officers (or their superiors) alerted the city council to the problems they uncovered.

The trial court erred in upholding the constitutionality of the ordinance. *Chambers v. Peach County,* supra.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Hunstein, J., who dissent.*

FLETCHER, Presiding Justice, dissenting.

The trial court found that the City of Atlanta had knowledge of the secondary effects of lingerie modeling studios "prior to and at the time" the city council enacted the challenged ordinance. Because this factual finding is not clearly erroneous and the city's ordinance does not violate free speech, I dissent.

Unlike the cases on which the majority relies, this case is not in this Court based on the grant of a motion to dismiss or a motion for summary judgment.[2] Instead, the trial court held a two-day trial and issued a six-page order upholding the ordinance as constitutional. Therefore, the standard of review is entirely different than in our previous cases. Instead of construing the evidence most strongly against the city, as on a motion for summary judgment, we consider the trial court's factual findings under the clearly erroneous standard of review.[3] This standard means that we accept the trial court's factual findings if there is any evidence to support them.[4]

The majority ignores this standard in finding irrelevant the testimony of vice squad officers based on their personal experience in investigating crimes and enforcing the law at lingerie modeling studios already operating in the City of Atlanta. The police officers testified that they had investigated complaints of criminal activity in lingerie modeling studios; had seen acts of prostitution, simulated sex, and public indecency in the establishments; and had arrested one patron for engaging in sexual intercourse with an employee. The officers explained the difficulties they encountered in making arrests and their

---

[2] See, e.g., *Chambers v. Peach County,* 266 Ga. 318 (467 SE2d 519) (1996) (reversing summary judgment); *World Famous Dudley's v. City of College Park,* 265 Ga. 618 (458 SE2d 823) (1995) (affirming summary judgment); *Discotheque, Inc. v. City Council of Augusta,* 264 Ga. 623 (449 SE2d 608) (1994) (reversing summary judgment); *Quetgles v. City of Columbus,* 264 Ga. 708 (450 SE2d 677) (1994) (reversing dismissal), cert. denied, ___ U. S. ___ (115 SC 1794, 131 LE2d 722) (1995).

[3] OCGA § 9-11-52 (a); see *Alexander v. DeKalb County,* 264 Ga. 362, 365 (444 SE2d 743) (1994); *Carter v. State,* 257 Ga. 510, 513 (361 SE2d 175) (1987).

[4] *Hanson v. Kent,* 263 Ga. 124 (428 SE2d 785) (1993).

discussions with their supervisors about how best to curtail the crimes occurring in lingerie modeling shops and other adult entertainment establishments. This testimony shows that the city did not need to collect studies from other cities; it could rely on its own relevant experience in passing the ordinance to prevent crime. After two days of testimony, the trial court found that "acts of public indecency have been taking place in such establishments for several years" and the city was "aware of criminal activities taking place in lingerie modeling studios prior to and at the time the ordinance was enacted." A review of the record shows that the trial court was not clearly erroneous in finding the city relied on its own experience in enacting the ordinance.

In reversing, the majority opinion ignores the rationale for evaluating city ordinances to determine if they impermissibly infringe on free speech. Instead, it collapses federal first amendment law to a single test: whether the city council relied on "specific studies" of secondary effects before enacting the ordinance. Just as a governing body is not required to consider a "study" before adopting regulations that restrict leafletting at a state park[5] or seeking an injunction that restricts demonstrations on public streets and sidewalks outside facilities offering abortions,[6] a city is not required under either the United States Constitution or the Georgia Constitution to consider a "study" before enacting an ordinance that regulates lingerie modeling studios. All the first amendment requires is that a city rely on evidence that it reasonably believes is relevant to its important governmental interests.[7] This Court should not require more.

We have never addressed whether lingerie modeling is expressive conduct entitled to the protection of the free speech clause of the United States and Georgia Constitutions. Assuming that it is,[8] this Court must determine whether the law furthers an important government interest, the government interest is unrelated to the suppression of speech, and the incidental restriction of speech is no greater than is essential to further the government interest.[9] The Atlanta ordinance meets this test. First, the trial court found that acts of public indecency had occurred in lingerie modeling establishments for years and

---

[5] See *Stone Mountain Mem. Assn. v. Zauber*, 262 Ga. 661, 663 (424 SE2d 279) (1993) (finding the state has a "legitimate interest in the orderly maintenance of the Park").

[6] See *Hirsh v. City of Atlanta*, 261 Ga. 22, 25 (401 SE2d 530) ("It cannot be questioned that the city government has a significant interest in maintaining public safety by being able to control traffic on urban streets and sidewalks as well as being able to disperse its law enforcement personnel throughout the city instead of having to assign large numbers of officers to surround potential targets of the defendants' activities."), cert. denied, 502 U. S. 818 (112 SC 75, 116 LE2d 49) (1991).

[7] *City of Renton v. Playtime Theatres*, 475 U. S. 41, 51 (106 SC 925, 89 LE2d 29) (1986).

[8] See *Quetgles*, 264 Ga. at 708.

[9] See *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252, 256 (297 SE2d 250) (1982).

that the city was aware of these criminal activities in enacting the ordinance. Second, the city's interest in preventing crime is unrelated to the suppression of expressive conduct. Third, the restrictions in the ordinance are no greater than is essential to further the city's interest in crime prevention. Unlike the total ban on private modeling sessions that was challenged in *Quetgles*,[10] the challenged ordinance here merely imposes reasonable regulations.[11] The ordinance requires each establishment to obtain a license and employee permits, prohibits locking devices that hinder police inspection, and establishes reasonable closing hours. Because the city's ordinance does not restrict protected expression in violation of the federal or state constitutions, the trial court properly concluded that the ordinance was constitutional. Therefore, I would affirm.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JUNE 3, 1996.

*Hillard J. Quint, Steven M. Youngelson, Alan I. Begner*, for appellants.

*David D. Blum, Clifford E. Hardwick IV, M. Hakim Hilliard, Lisa S. Morchower*, for appellees.

---

[10] 264 Ga. at 708.

[11] Cf. *Stone Mountain*, 262 Ga. at 663 ("Although the Association cannot ban speech altogether, . . . certain time, place, and manner restrictions are appropriate.").