S97A1136. QUETGLES et al. v. CITY OF COLUMBUS et al.
(491 SE2d 778)

Thompson, Justice.

Plaintiffs appeal from the trial court's grant of summary judgment to defendant City of Columbus in this adult entertainment case. At issue is City of Columbus Ordinance No. 96-21, which regulates adult entertainment businesses by, inter alia, prohibiting private modeling sessions between customers and employees and requiring the businesses to meet certain distance requirements from other establishments such as churches and schools. Plaintiffs claim the ordinance is unsupported by evidence of negative secondary effects and is a prior restraint on free speech. Plaintiffs further contend that the ordinance operates as a taking of their businesses without just compensation and impairs the obligations of contract. Finally, plaintiffs claim the ordinance violates due process and deprives them of equal protection because it targets one-on-one lingerie modeling. We find these arguments to be without merit and, therefore, affirm.

The original version of Ordinance No. 96-21 was enacted in 1993 as Ordinance No. 93-79. This Court reviewed Ordinance No. 93-79 and reversed and remanded the trial court's grant of the City's motion to dismiss, holding that the pleadings raised a justiciable issue as to whether the ordinance furthered an important governmental interest unrelated to free speech. *Quetgles v. City of Columbus,* 264 Ga. 708 (450 SE2d 677) (1994). In response thereto, the City amended and reenacted the ordinance on March 19, 1996. The amended ordinance contains a preamble stating the reasons for its enactment, and sets a 30-day time limit for the Chief of Police to grant or deny applications for certificates of compliance. Attached to the ordinance were certain documents referred to in the preamble as evidence of negative secondary effects associated with adult entertainment and one-on-one lingerie modeling.

The burden was on the City, as the movant for summary judgment, to show that no genuine issue of material fact remained as to

its satisfaction of the requirements of the three-part test in *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252, 256 (297 SE2d 250) (1982). See *Discotheque, Inc. v. City Council of Augusta*, 264 Ga. 623, 624 (449 SE2d 608) (1994); *World Famous Dudley's Food &c. v. City of College Park*, 265 Ga. 618, 619 (458 SE2d 823) (1995). In support of its motion, the City submitted the documents attached to the ordinance as follows: an affidavit by the Chief of the City of Columbus Planning Division regarding declining property values in areas around adult entertainment establishments; studies on the negative effects of adult entertainment commissioned by Phoenix, Arizona, Austin, Texas, and Indianapolis, Indiana; a report by the Minnesota Attorney General detailing the negative effects of adult entertainment on property values and crime; an affidavit by the Executive Assistant to the City of Columbus Police Chief concerning crime in areas near lingerie modeling shops; and a list of businesses and arrestees involved in sex crimes associated with one-on-one lingerie modeling in Columbus.

1. Plaintiffs contend the City did not present evidence of negative secondary effects associated with private lingerie modeling businesses to justify its asserted interests in crime prevention and protecting property values. However, we have stated that the City need only prove it considered specific evidence of the negative secondary effects of adult entertainment businesses which it reasonably believed to be relevant to the interests motivating the ordinance. *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 530 (457 SE2d 816) (1995); *World Famous Dudley's Food &c. v. City of College Park*, supra at 620; *Parker v. Whitfield County*, 265 Ga. 829, 830 (2) (463 SE2d 116) (1995). The City attached to the ordinance affidavits and supporting material relating to its interest in avoiding increased crime and a decrease in property values. This evidence was sufficient to support the City Council's interest in protecting property values and preventing criminal activity in areas near the one-on-one lingerie modeling shops. *Parker v. Whitfield County*, supra.

2. "An ordinance designed to combat the undesirable secondary effects of sexually explicit businesses is content-neutral. [Cits.]" *Goldrush II v. City of Marietta*, 267 Ga. 683, 690 (482 SE2d 347) (1997). Because Ordinance No. 96-21 was designed to combat a decline in property values and an increase in crime surrounding adult entertainment establishments, the ordinance is content-neutral, the *Paramount* test applies, and prior restraint analysis is unnecessary. See *Goldrush II*, supra at 692.

Under *Paramount*, an ordinance regulating adult entertainment will be upheld only (1) if it furthers an important governmental interest; (2) if the governmental interest is unrelated to the suppression of speech; and (3) if the incidental restriction of speech is no

greater than necessary to the furtherance of the governmental interest. *Paramount*, supra. See also *S. J. T., Inc. v. Richmond County*, 263 Ga. 267, 268 (430 SE2d 726) (1993). We have stated, "[a]n ordinance can pass constitutional muster even though it has a somewhat negative impact on protected expression." *Parker v. Whitfield County*, supra at 830 (2). The Columbus ordinance furthers important governmental interests (reducing crime and protecting property values) unrelated to the suppression of free speech, and the incidental restriction of speech is no greater than necessary to further the governmental interests. See *Paramount*, supra. As Presiding Justice Fletcher noted in his concurrence in *Quetgles*, supra at 710,

> "[a]ll federal courts that have addressed this issue have unanimously upheld the open-booth requirement as a valid exercise of state police powers." [Cits.] The government can eliminate closed booths based on its interest in reducing crime, preventing public sexual activity, maintaining public health, and protecting adjacent properties from deterioration [footnote omitted]."

It follows that the City can prohibit private one-on-one lingerie modeling sessions.

3. Plaintiffs contend that enforcement of the ordinance will result in a taking of their businesses without just compensation and will be a retroactive law impairing the obligations of contract. In this regard, plaintiffs assert the ordinance deprives them of a valuable property right because they have invested time and money in the current use of their property, in part by contracting with the models and remodeling the premises.

A property right is protected by due process against a taking or a retroactive impairment of contractual obligations only if that right is vested. *Goldrush II*, supra at 694. We said in *Goldrush II*, supra at 698, that the procurement of a business license does not, by itself, give the license holder vested rights. Plaintiffs also have no vested right to offer one-on-one modeling — despite expenditures toward that end — because none of plaintiffs' licenses specifically permit one-on-one nude or semi-nude modeling or any other conduct prohibited by the ordinance. See *S. J. T., Inc.*, supra. While plaintiffs may suffer economic injury in complying with the ordinance, they are still free to do business in accordance with the licenses they have been granted. The ordinance does not eliminate plaintiffs' businesses; it regulates their businesses by imposing a manner restriction on how plaintiffs can operate under their adult entertainment licenses. See *Berg v. Health &c. Corp.*, 865 F2d 797, 801 (7th Cir. 1989) (open booth ordinance does not ban viewing of any form of entertainment, it

merely regulates environment in which viewing occurs). Compare *Lamar Advertising v. City of Albany*, 260 Ga. 46 (389 SE2d 216) (1990) (removal provision of sign ordinance which destroys substantial part of lawful business effects taking of private property without compensation) with *Parking Assn. v. City of Atlanta*, 264 Ga. 764 (1) (450 SE2d 200) (1994) (zoning ordinance which merely regulates use of property and does not authorize a physical taking or occupation of property does not constitute a per se taking of property without compensation).

4. Due process requires that the scheme for granting or denying permits provide objective criteria to control the issuing authority's discretion and notice of the criteria for issuing or granting a permit. *Levendis v. Cobb County*, 242 Ga. 592, 593 (1) (250 SE2d 460) (1978). The ordinance's specific requirements provide objective standards so that an applicant can intelligently seek to qualify for a permit and the City can exercise discretion in reviewing the permit application. See *Pel Asso, Inc. v. Joseph*, 262 Ga. 904, 909 (427 SE2d 264) (1993).

In addition, due process is satisfied in that the ordinance provides a reasonable time limit (30 days) for the decision-maker to issue or deny a permit. Compare *Parker v. Whitfield County*, supra at 830 (3) (30-day time limit on decisions ensures that licensing decisions are made within a specified brief period and does not give the county unbridled discretion) with *Bo Fancy Productions v. Rabun County*, 267 Ga. 341, 345 (2) (b) (478 SE2d 373) (1996) (striking an act that did not provide when, or even if, the decision-maker had to respond to an application for a mass gathering permit).

5. Contrary to plaintiffs' contentions, the ordinance does not deprive them of equal protection because it targets one-on-one lingerie modeling studios. The ordinance targets not just one-on-one modeling, but any one-on-one activity between customers and employees where the employees display their bodies in order to excite customers sexually. Therefore, the ordinance does not invidiously discriminate against one-on-one lingerie modeling studios. See *Blackmon v. Monroe*, 233 Ga. 656, 659 (212 SE2d 827) (1975) (the test for equal protection is whether the difference in treatment is an invidious discrimination). See also *Gravely v. Bacon*, 263 Ga. 203, 207 (429 SE2d 663) (1993) ("Even applying a heightened level of scrutiny because the fundamental right of free expression is involved, a city may classify and regulate adult entertainment establishments differently from other places of entertainment.").

*Judgment affirmed. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.
For the reasons given in my dissent in *Goldrush II v. City of*

*Marietta*,[1] I dissent to Division 3 of the majority opinion in this case and to the judgment.

DECIDED SEPTEMBER 15, 1997 —
RECONSIDERATION DENIED NOVEMBER 4, 1997.

*Steven M. Youngelson*, for appellants.
*Eugene H. Polleys, Jr.*, for appellees.

---

[1] 267 Ga. 683, 699-700 (482 SE2d 347) (1997).