S97A0648. CHAMBERS v. PEACH COUNTY et al.
(492 SE2d 191)

BENHAM, Chief Justice.

Appellant Veeda Chambers is the owner of the "Neon Cowboy," a lounge which provides adult entertainment and serves alcohol in

Peach County. From 1993, Peach County annually issued a business license and a license to serve beer and wine to Neon Cowboy. The county passed an adult entertainment ordinance in 1993, which required among other things, a license for adult entertainment, and thereafter Neon Cowboy presented unlicensed adult entertainment. The county filed an action to abate the nuisance of unlicensed adult entertainment in 1994, which action resulted in the declaration that the adult entertainment ordinance was unconstitutional. *Chambers v. Peach County*, 266 Ga. 318 (467 SE2d 519) (1996). Thereafter, the county enacted another adult entertainment ordinance which, among other things, provided that "[n]o adult entertainment establishment licensee shall serve, sell, distribute or suffer the consumption or possession of any alcoholic beverages, malt beverages or wine or controlled substance upon the premises of the licensee." Ms. Chambers filed a complaint for declaratory judgment and injunctive relief against the county's enforcement of the new ordinance, and sought a writ of mandamus ordering the county to issue her a permanent adult entertainment license. By consent order, the county delayed enforcement of the new adult entertainment ordinance for 45 days, in which time the trial court held a hearing on appellant's request for an interlocutory injunction. Concluding that the new ordinance was constitutional and that appellant had not shown a likelihood of success on the merits, the trial court denied Ms. Chambers' motion for an interlocutory injunction. This appeal followed.[1]

1. An interlocutory injunction "is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication . . . . [T]here must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy." *Price v. Empire Land Co.*, 218 Ga. 80, 85 (126 SE2d 626) (1962). The trial court has broad discretion to decide whether to grant or deny a request for an interlocutory injunction (OCGA § 9-5-8; *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615 (1) (437 SE2d 302) (1993)), and the appellate courts will not disturb the trial court's exercise of its discretion unless a manifest abuse of discretion is shown or there was no evidence on which to base the ruling. *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145 (1) (401 SE2d 515) (1991).

2. The new ordinance is designed to combat the undesirable secondary effects of sexually explicit businesses. In enacting the new ordinance, the county commission considered and relied upon evi-

---

[1] While appellant followed the procedure to obtain interlocutory review by this Court of the trial court's denial of appellant's motion for a temporary restraining order, the trial court analyzed the motion as one for an interlocutory injunction, the denial of which is directly appealable pursuant to OCGA § 5-6-34 (a) (4).

dence reasonably believed to be relevant to the problem: they heard testimony interpreting studies of other cities' experience with adult entertainment, which studies showed that areas near adult entertainment establishments suffered a decrease in residential property values and an increase in crime, especially sex-related activity. A GBI drug and vice investigator testified that the number of illegal drug and vice complaints at the two Peach County clubs offering adult entertainment far exceeded the number of complaints received from any other business in thirty-three middle-Georgia counties, and the Peach County sheriff testified to increased criminal activity at the two clubs and at businesses located near them. Compare *Chambers v. Peach County*, supra, 266 Ga. 318 (1-3).

Since the new ordinance is designed to combat the undesirable secondary effects of sexually explicit businesses, it is content-neutral and is put to the three-pronged test enunciated in *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252 (1) (297 SE2d 250) (1982), for content-neutral legislation. *Chambers v. Peach County*, supra, 266 Ga. at 319. The ordinance in question meets the *Paramount* criteria in that it furthers important governmental interests (the reduction of crime and the protection of property values) which interests are unrelated to the suppression of speech, and the incidental restriction of speech is no greater than necessary to further the governmental interests. *Quetgles v. City of Columbus*, 268 Ga. 619 (2) (491 SE2d 778) (1997).

3. Appellant next asserts that the 1996 ordinance cannot be applied constitutionally to Neon Cowboy because the club provided adult entertainment and alcoholic beverages prior to passage of the ordinance. We recently addressed a similar assertion in *Goldrush II v. City of Marietta*, 267 Ga. 683 (6-10) (482 SE2d 347) (1997). There we held that the holders of licenses issued by the City of Marietta on an annual basis did not have a protectable property interest in the renewal of their licenses (id. at Division 9), and that the licensees did not acquire protectable property interests in the renewal of the licenses by their expenditure of funds upon the initial issuance of the licenses. Id. at Division 10. Furthermore, appellant had no vested right to offer adult entertainment and alcohol service because none of the licenses held by Neon Cowboy specifically permitted that conduct. *Quetgles v. City of Columbus*, supra, 268 Ga. 619 (3).

4. Finally, appellant contends the new adult entertainment ordinance is unconstitutionally overbroad and gives county officials such unbridled discretion as to render the ordinance unconstitutionally vague. Appellant suggests the ordinance restricts non-obscene, nude one-on-one lingerie modeling and authorizes county officials to decide arbitrarily whether licenses should be issued and renewed. We conclude that the presence of a severability clause in the new ordinance supports the trial court's determination that an interlocutory injunc-

tion should not issue. The severability clause creates a presumption that the county intended for invalid provisions not mutually dependent on other provisions to be severed, leaving the remainder of the ordinance intact. *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, 266 Ga. 393 (7) (467 SE2d 875) (1996); *City Council of Augusta v. Mangelly*, 243 Ga. 358, 363 (254 SE2d 315) (1979). Should the provisions of the ordinance cited by appellant as unconstitutional be so found, the prohibition against appellant providing both adult entertainment and alcohol at Neon Cowboy would remain intact as it is not mutually dependent on the provisions attacked.

In light of the foregoing, the trial court did not err when it denied an interlocutory injunction to appellant.

*Judgment affirmed. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.

I dissent to this Court's rulings in Division 3 of the majority opinion and to the judgment.[2] I hope that this Court will one day take a more enlightened view of the property rights of the citizens of this state.

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED NOVEMBER 21, 1997.

*Hillard J. Quint, Alan I. Begner, Steven M. Youngelson,* for appellant.
*Charles E. Cox, Jr.,* for appellees.

---

[2] See *Goldrush II v. City of Marietta*, 267 Ga. 683, 699-700 (482 SE2d 347) (1997) (Sears, J., dissenting); *Quetgles v. City of Columbus*, 268 Ga. 619 (491 SE2d 778) (1997) (Sears, J., dissenting).