S00A1476. OASIS GOODTIME EMPORIUM I, INC. et al.
v. DeKALB COUNTY et al.
(536 SE2d 520)

HUNSTEIN, Justice.

In December 1999 Oasis Goodtime Emporium I, Inc. and four other nude dancing businesses filed suit to challenge the constitutionality of DeKalb County Ordinance § 4-104, which prohibits sexually explicit entertainment at an establishment that sells alcoholic beverages. Plaintiffs obtained a temporary restraining order prohibiting enforcement of the ordinance, which for these establishments became effective on January 1, 2000.[1] The trial court thereafter conducted a hearing on the TRO and on the interlocutory injunction

---

[1] Section 4-104 was part of the 1998 revision of Chapter 4 of the DeKalb County Code which provided that nude dancing clubs existing as of April 20, 1998 had until the renewal of their licenses (i.e., January 1, 2000) to comply with the provisions of the new ordinance.

plaintiffs sought pending resolution of their constitutional challenge. The trial court dissolved the TRO and denied the requested injunctive relief after finding that there was no substantial likelihood that plaintiffs would succeed in their challenge to the ordinance. Plaintiffs filed this direct appeal. See OCGA § 5-6-34 (a) (4) (direct appeal from denial of interlocutory injunction). Finding no abuse in the trial court's discretion in denying the injunctive relief, see *Chambers v. Peach County*, 268 Ga. 672 (1) (492 SE2d 191) (1997), we affirm.

In the preamble to DeKalb County Ordinance § 4-104, the DeKalb County Board of Commissioners stated that it took note "of the notorious and self-evident conditions attendant to the commercial exploitation of human sexuality, which do not vary greatly among generally comparable communities within our country" and based its observation both upon the experience of other urban counties and municipalities, which the Board found relevant to the problems faced by DeKalb County, and also upon a review of a report from the DeKalb County Police Department summarizing the criminal activity surrounding the nine existing license holders within the County that sold alcohol and provided sexually explicit entertainment. Based on this information, the Board found that public nudity, particularly when related to the sale and consumption of alcoholic beverages, "begets criminal behavior and tends to create undesirable community conditions" such as depressed property values in the surrounding neighborhood, increased expenditure for the allocation of law enforcement personnel to preserve law and order, and an acceleration of community blight by the concentration of such establishments in particular areas. The Board further found that limitation of nude conduct in establishments licensed to sell alcohol for consumption on the premises "is in the public welfare and it is a matter of governmental interest and concern to prevent the occurrence of criminal behavior and undesirable community conditions normally associated with [sexually explicit] establishments."

Pursuant to these findings, the Board enacted § 4-104, which provides that certain defined types of sexually explicit entertainment, attire and conduct are prohibited upon any premises licensed to sell, serve or disperse alcoholic beverages.[2] The record contains

---

[2] Section 4-104 provides in its entirety:
    The following types of entertainment, attire and conduct are prohibited upon any premises licensed to sell, serve or disperse alcoholic beverages:
    (1) The employment or use of any person, in any capacity, in the sale or service of alcoholic beverages while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the female breast below the top of the areola or of any portion of the male or female pubic hair, anus, cleft of the buttocks, vulva or genitals.
    (2) Live entertainment where any person appears in the manner described in

affidavits from the Board members who enacted this ordinance, averring that in casting their votes in favor of the ordinance they relied upon the testimony and evidence presented at the public hearing as well as on studies from other jurisdictions, which they found to be relevant to DeKalb County, the problems faced by the county and the problems addressed by the ordinance. See *Goldrush II v. City of Marietta*, 267 Ga. 683, 691 (482 SE2d 347) (1997).

Since DeKalb Ordinance § 4-104 is designed to combat the undesirable secondary effects of sexually explicit businesses, we find that it is content-neutral. *Chambers v. Peach County*, supra, 268 Ga. at 674 (2); *Goldrush II*, supra, 267 Ga. at 690 (4).

Appellants do not expressly challenge the content-neutrality of the ordinance but focus, rather, on their claim that they were entitled to an interlocutory injunction because they were likely to succeed in challenging the ordinance's constitutionality under the three-pronged test applicable for content-neutral legislation that was enunciated in *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252 (1) (297 SE2d 250) (1982). We disagree and find that DeKalb County's ordinance meets the *Paramount* criteria in that it furthers important governmental interests (the reduction of crime and the protection of property values) which interests are unrelated to the suppression of speech, and the incidental restriction of speech is no greater than necessary to further the governmental interests. *Chambers*, supra. Appellants' sole argument that the ordinance does not further an important government interest is based on their contention that the evidence before the Board failed to show a correlation between the selling of alcohol at nude bars and the pernicious secondary effects the Board cited in the ordinance's preamble. In this regard, appellants assert that the Board's finding about secondary effects was refuted by one of the three studies considered by the Board and by evidence appellants presented during the public hearing. However, it is well established that DeKalb County did not have to prove the efficacy of the studies it considered, or produce probative evidence that negative secondary effects resulted from the sale of alcohol at appel-

---

paragraph (1) of this section or where such person (or person) [sic] perform(s) acts of or acts which simulate any of the following:

a. Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual act which is prohibited by law.

b. The touching, caressing or fondling of the breasts, buttocks, anus or genitals.

c. The displaying of the male or female pubic hair, anus, vulva or genitals.

(3) The holding, promotion, sponsoring or allowance of any contest, promotion, special night, event or any other activity where patrons of the licensed establishment are encouraged in paragraphs (1) and (2) above; provided, however, that nothing contained in this section shall apply to the premises of any mainstream performance house, museum or theater which derives less than twenty (20) percent of its gross annual income from the sale of alcoholic beverages.

lants' businesses, or accept appellants' evidence on this matter. See *Café Erotica v. Peach County*, 272 Ga. 47 (526 SE2d 56) (2000); *World Famous Dudley's Food & Spirits v. City of College Park*, 265 Ga. 618, 620 (1) (458 SE2d 823) (1995). All DeKalb County was required to do was "prove that it considered 'specific evidence of the pernicious secondary effects of adult entertainment establishments which it reasonably believed to be relevant to the problems addressed by the ordinance.' [Cit.]" Id. See also *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 530 (2) (457 SE2d 816) (1995). DeKalb County met its burden by producing evidence of the specific studies it relied upon and its reasonable belief in the relevance of those studies. *World Famous Dudley's*, supra.

Accordingly, because appellants cannot establish that DeKalb County lacked an important governmental interest in enacting the ordinance, the trial court did not err when it denied an interlocutory injunction to appellants on the basis that appellants failed to show a likelihood that their constitutional challenge to the ordinance would succeed. See generally *Chambers*, supra.

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in judgment only.*

DECIDED OCTOBER 10, 2000.

*Begner & Begner, Alan I. Begner, Cory G. Begner, Robert M. Adelson,* for appellants.
*Jonathan A. Weintraub, Joan F. Roach, Linda I. Dunlavy, Harvey S. Gray,* for appellees.