**ROBERT PENNZA, INC., d/b/a Secrets, and Robert Pennza, Individually, Plaintiffs**

v.

**CITY OF COLUMBUS, GEORGIA, and Willie Dozier, and Rad Delaroderie, in their official capacities with the City of Columbus Police Department, Defendants**

No. 4:00–CV–69–3(CDL).

United States District Court, M.D. Georgia, Columbus Division.

Feb. 27, 2002.

Steven Michel Youngelson, Esq., Atlanta.

Cary S. Wiggins, Esq., Atlanta.

O. Jackson Cook, Esq., Atlanta.

James C. Clark Jr., Esq., Columbus.

## ORDER

LAND, District Judge.

This case arises from yet another constitutional challenge to Columbus, Georgia's attempt to regulate adult entertainment.[1] Plaintiffs operated an establishment known as "Secrets" which featured the

---

1. This Court is aware of at least five appellate court decisions within the last decade involving constitutional challenges to ordinances enacted by the City of Columbus in its attempt to regulate adult entertainment. *See For Your Eyes Alone, Inc. v. City of Columbus*, No. 01–13317, 2002 WL 185478 (published opinion) (11th Cir.2/6/2002); *Larry K. Hamilton v. City of Columbus*, No. 01–10865, 2001 WL 1525063 (unpublished opinion) (11th Cir. 2001); *For Your Eyes v. City of Columbus*, No. 98–9080, 1999 WL 872431 (unpublished opinion) (11th Cir.1999); *Quetgles v. City of Columbus*, 268 Ga. 619, 491 S.E.2d 778 (1997); *Quetgles v. City of Columbus*, 264 Ga. 708, 450 S.E.2d 677 (1994). Plaintiffs in the present case are not strangers to this litigation history. Robert Pennza was a plaintiff in *For Your Eyes Alone, Inc., supra,* and was found by the Eleventh Circuit to be a privy of For Your Eyes Alone, Inc., which was a plaintiff in *Quetgles, supra.*

presentation of erotic dialogue by female performers intended to communicate non-obscene messages of eroticism and ecstacy from the performers to their customers. Plaintiffs had operated their establishment with valid licenses and permits for an "erotic conversation establishment" since May 1998. In March 1999, Plaintiffs timely renewed their erotic conversation license for the year 1999. In March 2000, based upon evidence that they contend demonstrated that Plaintiffs were selling more than conversation, Defendants instructed Plaintiffs that, prior to receiving their erotic conversation license renewal for the year 2000, they needed to complete and submit an "adult entertainment establishment" application pursuant to the City's "Adult Entertainment Code" (Columbus, Georgia, Code §§ 14–221 through 14–231).[2] On April 3, 2000, Plaintiffs submitted the application. Defendants claim the application was deficient because it did not include a survey showing the proximity of the establishment to other activities, it did not include a signed approval by Plaintiffs' landlord, and it was otherwise incomplete. On April 4, 2000, Defendants instructed Plaintiffs to close their business and threatened criminal prosecution if Plaintiffs attempted to operate without a 2000 license renewal. Defendants have neither granted nor denied Plaintiffs' application for an erotic conversation license or a certification of compliance with the "Adult Entertainment Code," claiming that Plaintiffs have never provided them with the necessary information to process their application.[3]

Plaintiffs contend that "The Adult Entertainment Code" is facially invalid as a prior restraint on Plaintiffs' constitutional right to engage in free expression under the First Amendment to the Constitution of the United States. Specifically, Plaintiffs maintain that the licensing scheme provided for in the City's "Adult Entertainment Code" is constitutionally infirm because it (a) fails to mandate prompt decision making by the licensing authority; and (b) fails to provide for prompt judicial review. Plaintiffs claim that Defendants' enforcement of this alleged unconstitutional licensing scheme violates their First Amendment rights to freedom of speech, deprives them of property without due process of law contrary to the Fifth and Fourteenth Amendments to the U.S. Constitution, and denies them equal protection of the laws contrary to the Fifth and Fourteenth Amendments to the Constitution. Plaintiffs seek a declaratory judgment declaring the "Adult Entertainment Code" unconstitutional, a permanent injunction enjoining Defendants from enforcing its

---

2. The "Adult Entertainment Code" defines "adult entertainment establishment" as: "...businesses in which, as the major activity, customers congregate primarily for the purpose of *viewing* or associating with employees who *display* anatomical areas designed to provide sexual stimulation or sexual gratification...." (Emphasis added) Sec. 14–223. The ordinance clearly applies to businesses engaged in *visual* stimulation, not *verbal* stimulation. Therefore, if Plaintiffs are engaged in the activity which they claim, "erotic conversation," they would not be subject to the "Adult Entertainment Code." However, since Defendants have taken the position that Plaintiffs fall under the ordinance and have prohibited them from operating until they comply with the ordinance, the Court finds that Plaintiffs' position, in the alternative, that the ordinance does not even apply to them, does not prevent them from challenging the ordinance.

3. Although "Secrets" apparently went out of business, this Court finds that this lawsuit is not moot, particularly given the fact that Plaintiffs seek damages pursuant to their § 1983 claim for being forced out of business by Defendants' alleged unconstitutional conduct. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287–289, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

"Adult Entertainment Code," compensatory damages, and attorneys fees.

Defendants have filed motions for summary judgment and judgment on the pleadings. Defendants preliminarily contend that this Court need not even address the issue of the ordinance's constitutionality because (a) Plaintiffs lack standing to challenge an ordinance that they claim does not apply to them; (b) Plaintiffs are precluded from maintaining this action under the *Rooker–Feldman* doctrine which prohibits federal district courts from reviewing and reversing valid state court judgments; and c) Plaintiffs are precluded from maintaining this action under *res judicata* principles. Defendants further contend, however, that if the Court decides Plaintiffs can challenge the constitutionality of the ordinance, then the ordinance in question is constitutional because it is a narrowly crafted content neutral restriction that furthers a substantial government interest, and the licensing scheme in the ordinance provides adequate procedural safeguards to protect against an unconstitutional prior restraint of protected speech.

### The Facial Constitutionality of the Columbus "Adult Entertainment Code"

Defendants can constitutionally regulate the conduct that they seek to regulate in the City's "Adult Entertainment Code." *City of Erie, et al. v. Pap's A.M.*, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000); *U.S v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Apparently, recognizing that the ordinance satisfies the requirements established by the Supreme Court in *City of Erie v. Pap's A.M.* and *U.S. v. O'Brien, supra,* Plaintiffs have narrowed their facial challenge to the licensing section of the ordinance which provides:

"In addition to all other requirements for doing business in Columbus, Georgia, adult entertainment establishments and all employees thereof shall be required to apply for and obtain a permit from the chief of police certifying compliance with this article; *said permits shall be either issued or denied within thirty (30) days of application.*" (Emphasis added).

Columbus, Georgia Code, § 14–225.

 Plaintiffs argue that this section of the ordinance is unconstitutional on its face because it constitutes an impermissible prior restraint on protected speech and expressive conduct. A legislative permitting scheme that has the effect of restricting constitutionally protected activity, such as speech or expressive conduct, must include the following procedural safeguards: (1) any restraint prior to judicial review can be imposed only for a specified brief period during which the status quo must be maintained; and (2) expeditious judicial review of that decision must be available. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

A cursory reading of the ordinance in question reveals that it purportedly requires the decision maker to issue or deny a permit within a specified brief period of time, thirty days. The ordinance, however, is silent as to what happens if the chief of police does not act within those thirty days. Inaction would result in no permit being issued, preventing an applicant indefinitely from engaging in constitutionally protected conduct. Moreover, since inaction does not constitute a denial of the permit, expeditious judicial review is limited and perhaps prevented. The Eleventh Circuit has observed that mandatory time limits similar to the one in the Columbus ordinance are "illusory." *Redner v. Dean,* 29 F.3d 1495, 1500 (11th Cir.1994). Such time limits do not cure the constitutional

defects in the licensing scheme because the decision maker's failure to comply with the time limit does not necessarily allow the applicant to begin engaging in the expressive activity for which the license was sought. 29 F.3d at 1500. Without the guaranty that the activity could occur if the application was not ruled on within a reasonable and certain period of time, the Court held that the ordinance "risks the suppression of the protected expression for an indefinite time period prior to any action on the part of the decision maker or any judicial determination." *Id.* at 1501.

The Eleventh Circuit has recently confirmed its decision in *Redner, supra,* making it clear that a permitting scheme virtually identical to the one in this case is an unconstitutional prior restraint of protected speech. In *Artistic Entertainment, Inc. v. City of Warner Robins,* 223 F.3d 1306 (11th Cir.2000), the Court had under consideration an ordinance that gave the decision maker 45 days to approve or deny a license application. Like the Columbus ordinance, the Warner Robins ordinance was silent on an applicant's right to begin operating the business if the city failed to act on the application. Following its previous decision in *Redner,* the Eleventh Circuit found that this silence rendered the ordinance unconstitutional. The Court held that the ordinance was facially violative of the First Amendment, explaining that "although it imposes a deadline on the City to consider an adult business license application; it does not guarantee the adult business owner the right to begin expressive activities within a brief, fixed time frame." *Artistic Entertainment v. City of Warner Robins,* 223 F.3d 1306, 1311 (11th Cir.2000). Section 14–225 of

the Columbus Adult Entertainment Code is indistinguishable from the Warner Robins ordinance. Consequently, the facial constitutional infirmity of the Columbus ordinance is apparent.[4] However, as set forth in the remainder of this Order, despite the ordinance's constitutional infirmity, it must survive for another day, since this Court finds that its assailants in this case do not have the legal standing to bring it down.

### Effect of Plaintiffs' Other Adult Entertainment Litigation on Their Facial Challenge

■ Defendants contend that even if the ordinance in question is unconstitutional on its face, Plaintiffs are precluded from asserting a facial challenge to the ordinance based upon the *Rooker–Feldman* doctrine and *res judicata* principles. The essence of the *Rooker–Feldman* doctrine is that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the United States Supreme Court." *Narey v. Dean,* 32 F.3d 1521, 1524 (11th Cir. 1994) quoting *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *see also Wood v. Orange County,* 715 F.2d 1543 (11th Cir.1983). Although the *Rooker–Feldman* and *res judicata* doctrines are related, they are distinct. As explained by the Eleventh Circuit:

> "The *Rooker–Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a

---

4. Although this Court certainly understands that it lacks authority to issue advisory opinions and has no interest in drafting local ordinances, the Court points out that the constitutional defects in the ordinance in question may be easily remedied by providing that the applicant's permit *shall* be considered issued if the chief of police fails to issue or deny the permit within 30 days.

state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

*Narey v. Dean,* 32 F.3d at 1524–1525.

Defendants point to other litigation in which Plaintiffs or their privies have been involved as support for their contention that this Court does not have subject matter jurisdiction of this case under the *Rooker–Feldman* doctrine, and/or Plaintiffs are precluded from re-litigating the issue of the constitutionality of the ordinance in question under *res judicata* principles.

Plaintiff Robert Pennza is one of the plaintiffs in *For Your Eyes v. City of Columbus,* No. 98–9080 (unpublished opinion) (11th Cir.1999). In that case, the Eleventh Circuit rejected the plaintiffs' facial challenges to the Columbus "Adult Entertainment Code" based upon claim and issue preclusion. The Eleventh Circuit found that Mr. Pennza was in privity with the plaintiffs in another case challenging the Columbus "Adult Entertainment Code," *Quetgles v. City of Columbus,* 268 Ga. 619, 491 S.E.2d 778 (1997). Therefore, the Eleventh Circuit held in *For Your Eyes Alone, Inc., supra,* that the earlier *Quetgles* litigation was binding on Pennza as if he was a named party in *Quetgles.* In *Quetgles,* the Georgia Supreme Court upheld the constitutionality of the Columbus "Adult Entertainment Code." Consequently, the Eleventh Circuit held in *For Your Eyes Alone, Inc.* that *Quetgles* precluded Pennza from re-litigating the facial constitutionality of the ordinance.[5]

■ The question before the Court is whether the cases of *For Your Eyes Alone, Inc.* and/or *Quetgles* preclude Plaintiffs in this case from challenging the constitutionality of the Columbus "Adult Entertainment Code." In resolving the issues of claim and issue preclusion, this Court must apply Georgia law. *See* 28 U.S.C. § 1738. Under Georgia law, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." O.C.G.A. § 9–12–40. The Plaintiffs in the case *sub judice* are Robert Pennza and Robert Pennza, Inc. d/b/a Secrets. Robert Pennza was a named plaintiff and/or a privy of a named plaintiff in *Quetgles* and *For Your Eyes Alone, Inc., supra.* Furthermore, the Court finds that Robert Pennza, Inc. d/b/a Secrets is a privy of Robert Pennza. Therefore, if Plaintiffs' facial challenge to the ordinance in question was put in issue or could have been put in issue in the earlier litigation, they are precluded from re-litigating the facial constitutionality of the ordinance in this case. Although the thrust of Plaintiffs' challenge in the *Quetgles* litigation appears to have been focused on the "lingerie modeling" provisions of the "Adult Entertainment Code," it is clear, as found by the Eleventh Circuit in *For Your Eyes Alone, Inc., supra,* that they mounted a classic facial challenge to the entire ordinance and specifically litigated the issue of the constitutionality of the permit section of the ordinance, the very section challenged here. Moreover, Plaintiffs litigated in the

---

**5.** The Eleventh Circuit did find in *For Your Eyes Alone, Inc., supra,* that several of the plaintiffs' "applied challenges" to the ordinance were not precluded by the *Quetgles*

litigation and remanded the case back to this Court for further proceedings consistent with its opinion.

*For Your Eyes Alone, Inc.* litigation the issue of whether claim and issue preclusion barred their facial challenge to the ordinance. Therefore, the Court finds that Plaintiffs are precluded from asserting a facial challenge to the ordinance in question under the principles of claim and issue preclusion. Accordingly, summary judgment is hereby granted in favor of Defendants on Plaintiffs' facial challenge to the constitutionality of the ordinance.

### Plaintiffs' "As Applied" Claims

This Court finds that Plaintiffs have not properly pled or presented sufficient evidence to create a genuine issue of material fact in support of any "as applied" constitutional challenge to the ordinance in question, and therefore, the Court hereby grants summary judgment to Defendants on any "as applied" constitutional challenges to the enforcement of the ordinance in question.[6]

### Conclusion

Based on the foregoing, summary judgment is granted in Defendants' favor with regard to all of Plaintiffs' federal law claims. Furthermore, the Court declines to exercise pendent or supplemental jurisdiction over Plaintiffs' state law claims, and those claims are therefore dismissed without prejudice.

---

6. The Court notes that although it is unclear from a review of Plaintiffs' complaint whether they intended to assert an "as applied" challenge to the ordinance, Plaintiff's counsel removed any doubt in the hearing on Plaintiffs' motion for a temporary injunction when he acknowledged that no such claims were being pursued. Therefore, if they were initially asserted, they have been abandoned. This Court will not resurrect them in response to a late plea from the Plaintiffs who may have now concluded, as a desperate afterthought, that these claims may be their only way to keep their lawsuit alive. Even if Plaintiffs have not formally abandoned such claims, they have failed to present any evidence to support them in response to Defendants' motion for summary judgment.

In an effort to assure that Plaintiffs had every opportunity to describe the nature of their "as applied" challenges, the Court ordered Plaintiffs to submit a supplemental brief specifically addressing Plaintiffs' "as applied" challenges. Plaintiffs responded with a brief filed on February 8, 2002. A review of that brief reveals that Plaintiffs essentially contend that the application of a facially unconstitutional ordinance to them gives rise to their "as applied" constitutional claim. This semantical response confirms what the Court suspected—Plaintiffs' challenge to the constitutionality of the ordinance is a facial one. They do not contend that Defendants applied a constitutional ordinance in an unconstitutional manner. Unfortunately for Plaintiffs, the Eleventh Circuit has concluded that Plaintiffs had an opportunity to litigate the constitutionality of the ordinance that they now challenge. Plaintiffs shall not be permitted to escape the preclusive effects of their previous litigation by creatively converting a classic facial challenge to an "as applied" one by simply asserting that the *application* of a facially unconstitutional ordinance gives rise to an "as applied" claim which is not subject to *res judicata or Rooker–Feldman.*